# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | * | CASE NO.   00-00801(GAC) |
| | * | |
| **WILFREDO DE JESUS RIVERA** | * | **CHAPTER 13** |
| **SONIA M HERNANDEZ MELENDEZ** | * | |
| | * | ADV.  PROC.  NO.  04-00165 |
| **Debtors** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**WILFREDO DE JESUS RIVERA**
**SONIA M HERNANDEZ MELENDEZ**

**Plaintiffs**

Vs.

**GE CAPITAL CORPORATION OF PR**

**Defendant**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S PRETRIAL REPORT

**TO THE HONORABLE COURT:**

    **COME NOW,** the above-named plaintiffs through the undersigned attorney and very respectfully pray, allege, and request:

**I**     **Introduction**

    1.    Plaintiffs filed the instant adversary proceeding in the above-captioned chapter 13 case against defendant General Electric Capital Corporation of

Page -2-

Puerto Rico on July 13th, 2004 requesting sanctions and damages for willful violation of the automatic stay of 11 USC §362(a) and of the discharge injunction of 11 USC §524.

2. This Court has jurisdiction over this proceeding, which arises in a case under the Bankruptcy Code and concerns property of the debtors, pursuant to 28 U.S.C. § 1334. This is a core proceeding.

## II  Plaintiff's Facts

3. Debtors filed a voluntary petition under Chapter 13 on January 28th, 2000 having listed General Electric Corporation as a secured creditor.

4. That General Electric Corporation's collateral consisted of a conditional sales contract over a 1997 Peterbilt truck tractor model R 293 s/n 1XP5D060XXVN428273.

5. That debtors' modified plan of June 15th, 2000 approved by this Court on August 4th, 2000 proposed payment in full to General Electric Corporation through the office of the Chapter 13 trustee.

6. The plan did not propose payment of interest to General Electric Corporation' s claim. (Legal docket #22.)

7. That General Electric Corporation filed its secured claim, claim docket #9, on May 15th, 2000 in the amount of $33,411.00.

8. That the claim did not request payment of interest.

9. That at no time before or after confirmation of the plan did General Electric Corporation request payment of interest on its claim.

10. That, moreover, both parties filed with the Court a stipulation on July 7th, 2000 (docket #27) which in its pertinent parts stated as follows:

> *"1.  G.E.C. is the holder of a secured claim in the above captioned proceedings in the principal amount of $33,411.00.*
> *. . . . . .*
>
> *2.  Debtor will provide adequate protection, the terms of which are as*

Page -3-

>   *follows:*
>
>   a.   *The debtor will keep current payments under the amended Chapter 13 plan dated April 6th, 2000.*
>
>   *----THIRTY SIX (36) payments of $1,550.00*
>
>   *. . . . . . . . . . . . . . . .*
>
>   b.   *G.E.C. will maintain its lien until payment in full of the stipulated payments."*

11. Debtors' confirmed plan (docket #22), in conformance to the stipulation, proposed payments of $1,550.00 for thirty-six months and provided for General Electric Capital Corporation's lien retention and its payment in full through the plan. General Electric Capital Corporation received notice of the plan and did not object

12. That trustee paid said claim in full and debtors received their discharge on December 29th, 2003. (Legal docket #33)

13. That notwithstanding, the case remains open pending trustee's final report and the outcome of this proceeding.

14. That after the discharge debtors approached General Electric Corporation on several occasions to have title of the said vehicle transferred to their names to which creditor refused.

15. That, in addition, in May of 2004 General Electric Corporation unlawfully retained a check in the amount of $1,196.00 destined to debtors from Royal & Sunalliance Insurance Company pursuant to policy number U-3800008 for repairs previously paid by debtors on the said vehicle. GEC, it is believed, applied the said monies to their account in spite of having been already paid in full by the trustee and in spite of debtors having already received their discharge.

16. That General Electric Corporation's refusal to transfer title and unlawful retention of the above-stated insurance check constitutes a violation of Title 11 USC §§ 362 and 524.

17. That just as importantly, General Electric Corporation's actions have caused and continue to cause damage to debtors inasmuch as Cooperativa De Transporte De Carga, through which co-petitioner Wifredo De Jesus Rivera works requires that its drivers operate vehicles no more than seven years old.

18. That since General Electric Corporation refuses to relinquish title to the vehicle debtors are economically precluded from acquiring a newer model since they cannot use the 1997 Peterbilt truck tractor for trade-in purposes.

19. That General Electric Corporation's employees have belittled and humiliated debtors which together with its refusal to transfer title of the vehicle have caused them to suffer emotional pain, anguish and depression which in turn have strained relationships within their own family.

## III. Plaintiff's Theory

Section 1328(a) declares that the bankruptcy court shall grant the debtor a discharge of "all debts provided for in the plan or disallowed under 502 of this title."

11 USC 1327(a) states: "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." The effect of a confirmation of a chapter 13 plan has been described as "a new agreement between the debtor and the creditor with a new obligation to be paid in the manner provided by the terms of the plan."[1]

And as is well known, the confirmation order is "res judicata"as to all issues that were or could have been litigated at or before the hearing on confirmation[2]

---

[1] In re Broman 82 B.R. 581, 18 Collier Bankr.Cas.2d 307 (Bkrtcy.D.Colo.,1988.);
In re Nicholson, 70 B.R. 398, 15 Bankr. Ct. Dec. (CRR) 797 (Bankr. D. Colo. 1987)

[2] 1st Circuit— In re Zimble, 47 B.R. 639, Bankr. L. Rep. (CCH) P 70334 (Bankr. D. R.I. 1985).
3rd Circuit— In re Bonanno, 78 B.R. 52 (Bankr. E.D. Pa. 1987).

It is settled law that if notice of what is going to happen to a secured claim holder at confirmation is adequate, the extent of the allowed secured claim, determined at

confirmation is binding on the secured claim holder.[3]

In the instant case debtors' plan, the creditor's claim, and the stipulation remain silent as to payment of interest to GEC.

As stated by the court in Kitchen v. Malmstrom Fed.Credit Union, 64 B.R. 452(Bankr. D. Mont. 1986)- "Upon completion of payments under a plan, the debtor is entitled to discharge of the secured claim and to a release of any lien notwithstanding that the creditor believes that its security exceeds the present value of the payments it received under the plan. The creditor's remedy was to have objected to confirmation in the first instance on the ground that the amount of its secured claim was greater than the amount paid by the debtor under 1325(a)(5)."

General Electric Capital Corporation's lien is extinguished by virtue of the stipulation filed July 7th, 2000 in which defendant pledged to ***maintain its lien until payment in full of the stipulated payments*** and by virtue of sections 1322, 1325, and 1328(a) of the Bankruptcy Code. The plan provided for payment in full of defendant's claim, defendant filed its claim, debtors complied with the plan, defendant's claim was indeed paid in full and debtors received their discharge.

Defendant's refusal to relinquish title of the said vehicle as well as its unlawful appropriation of debtors' insurance check has caused damage to plaintiffs and constitutes willfull violation of the automatic stay of 11 USC §362(a) and of the discharge injunction of 11 USC §524.

Section 524(a)(2), the discharge injunction, prohibits any act to collect, recover, or offset any discharged debt as a personal liability of the debtor or from property of the debtor.

---

5th Circuit— In re Guilbeau, 74 B.R. 13 (Bankr. W.D. La. 1987).
9th Circuit— In re Evans, 30 B.R. 530, 10 Bankr. Ct. Dec. (CRR) 1071, 9 Collier Bankr. Cas. 2d (MB) 123, Bankr. L. Rep. (CCH) P 69268 (B.A.P. 9th Cir. 1983).

[3] In re Harvey, 213 F.3d 318, 36 Bankr. Ct. Dec. (CRR) 21, Bankr. L. Rep. (CCH) P 78181 (7th Cir. 2000); In re Pence, 905 F.2d 1107 (7th Cir. 1990)

Page -6-

It has been held that violation of the injunction is contempt, punishable by awards of damages and attorney's fees.[4]

Creditor General Electric Capital Corporation has violated the law in attempting to collect interest and additional amounts directly from discharged debtors.

Debtors request that this Honorable Court order General Electric Corporation, inasmuch as its claim has been fully satisfied through the trustee, to transfer title of the said Peterbilt truck tractor model R 293 s/n 1XP5D060XXVN428273 to debtors free and clear of any lien; to return to debtors the funds illegally withheld from insurance policy check number U-3800008, i.e., $1,196.00 at 6% interest; in addition to damages and punitive damages in the amount of $50,000.00 plus legal fees in the amount of $10,000.00 pursuant to 11 USC §§ 362(h) and 524.

**IV      Plaintiff's Witnesses**

        1.        Wilfredo De Jesús Rivera, debtor;

        2.        Sonia M. Hernández Meléndez, debtor;

        1.        Katherine Rivera, Insurance Agent, Agencia De Seguros Nelly Rodríguez Del Valle;

        2.        Dr. Katherine Z. Sanz, psychiatrist.

**V      Plaintiff's Exhibits**

        1.        Legal docket in bankruptcy case no. 00-00801;

        2.        Debtors' confirmed plan of March 10th, 2000;

        3.        Debtors' post confirmation modified plan of June 15th, 2004.

        4.        Stipulation between parties filed July 7th, 2000;

---

[4] In re Martin, , 96 Fed.Appx. 62, 2004 WL 843400 (C.A.3 (N.J.),2004.); Bock v. Gavenus, 2004 WL 1879826 (C.A.4 (N.C.),2004.); Behrens v. Woodhaven Ass'n , 87 B.R. 971 (1988); In re Roush, 88 B.R. 163 (1988); In re Kiker, 98 B.R. 103 (1988); In re Grosse, 84 B.R. 377 (1988); United States v. Kolb, 161 B.R. 30 (1993)

Page -7-

5. Record of deductions from debtor's payroll for Chapter 13 plan. (35 deductions of $1,550.00);

6. Trustee's Receipt Ledger;

7. Chapter 13 trustee's payment record to GE Capital;

8. Chapter 13 discharge order;

9. Postpetition collection letters from GE Capital

    a. 07/09/00
    b. 04/07/02
    c. 04/07/02
    d. 04/06/03;

10. Copy of Royal & Sunalliance check dated 11/18/2003 made out to Wilfredo De Jesus & GE Capital;

11. Letters of Mrs. Katherine Rivera, insurance agent from Agencia de Seguros Nelly Rodriguez Del Valle, PO Box 50156, Levittown Station PR 00950, Telephone 784-0023:

    a. December 3rd, 2003: To Mrs.. Lydia Torres of Coop. de Transporte de Carga sending check #006517 of Royal & Sunalliance in the amount of $1,166.00 for payment of claim #409974;

.

    b. Faxed letter to Mrs. Emerita Oyola of GE Capital Corporation dated January 12th, 2004, requesting return of Royal & Sunalliance check and that it not be applied to payment on debtors' account;

    c. Fax of May 4th, 2004 sending Chapter 13 discharge order to Mrs. Emerita Oyola;

    d. Copy of fax cover sheet dated July 7th, 2004 showing communication with Mrs. Emerita Oyola for 2nd and 3rd time;

    e. Letter dated July 1st, 2004 to Mrs. Yadira Agosto of Coop de

Page -8-

        Transportes explaining Katherine Rivera's results of efforts to have GE Capital endorse insurance check for payment of repairs;

    f.    Fax of August 6th, 2003 to Yadira Agosto of Cooperativa de Camioneros sending accident report;

12.    Insurance agent's accident report ;

13.    Evidence showing plaintiff's efforts to repair vehicle after GE Capital Corporation's confiscation of Royal & Sunalliance check.;

    a.    Letter of August 19th, 2004 from Lorenzo Lopez Castro, Secretary, Board of Directors (Coop Transporte de Carga) to Mr. Rafael Fernandez, General Manager, Coop Transporte de Carga informing resolution of the Board of Directors to make check out to plaintiff for the purpose of repairing truck.;

    b.    Copy of check #143105 from Cooperativa de Transporte de Carga to plaintiff dated August 18th, 2004;.

14.    Bills;

    a.    Arbitrios ELA (Hacienda) de $5,026.56 paid June 22nd, 2004;

    b.    Promissory note to Heavy Parts Center, Bayamón for $5,026.56 loan at 12% as of July 8th, 2004;

    c.    Heavy Parts Center Invoice #68864 dated November 1st, 1997 for parts totaling $4,097.47;

    d.    Receipt from Heavy Parts Center of 8/19/2004 for payment of $4,097.47 for account #68864 from Wilfredo De Jesus;

15.    Document from Instituto De Banca Y Comercio with Client's daughter's name on it of October 20th,2003. Client states that daughter wanted to study there but that they could not afford the $7,000.00 payment;

16.    Curriculum Vitae of Dr. Carmen Z. Sanz, M.D.;

17. Contract: Esso Standard Oil Company & Camioneros, Cooperativa De Transporte De Carga.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that a copy of this writ has been sent via electronic mail to attorney for defendant General Electric Capital Corporation of Puerto Rico, Wilfredo Segarra Miranda, Esq., segarralaw@prtc.net and to standing Chapter 13 Trustee, José Carrión, Esq. ecfmail@ch13-pr.com.

In Bayamón, Puerto Rico, this 30th day of July, 2005.

**ROBERTO PEREZ OBREGON**
**PO BOX 9497**
**BAYAMON PR  00960 8041**
**TEL:  787-787-9883**
rperez23@msn.com
elizabethalemany@msn.com