IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | : | |
| WILFREDO DE JESUS RIVERA,<br>SONIA M. HERNANDEZ MELENDEZ, | : | Case No. 00-00801 (GAC) |
| Debtors | : | Chapter 13 |
| WILFREDO DE JESUS RIVERA,<br>SONIA M. HERNANDEZ MELENDEZ, | : | |
| Plaintiffs | : | |
| v. | : | Adv. No. 04-00165 |
| GENERAL ELECTRIC CAPITAL CORP.<br>OF PUERTO RICO, | : | **FILED & ENTERED** |
| Defendants | : | **FEB 2 4 2006**<br>U.S. BANKRUPTCY COURT<br>SAN JUAN, PUERTO RICO |

DECISION AND ORDER

The debtors filed a petition under Chapter 13 on January 28, 2000. The debtors scheduled General Electric Capital Corp. of Puerto Rico ("GEC") as a secured creditor in the amount of $35,002.00, with a conditional sales contract over a 1997 Peterbuilt towing truck. The claims bar date was June 5, 2000. The debtors filed a proof of secured claim, in the amount of $35,500.00, on GEC's behalf on April 11, 2000. GEC filed an amended claim on May 15, 2000, seeking the amount of $33,411.00. GEC did not include interest in its claim.

The debtors amended plan, which ultimately became the plan of the case, was dated June 15, 2000 (dkt. #23). This plan provided for payments of $1,550.00 for thirty-six months, for a base of

$55,800.00. The debtors proposed to have the trustee pay GEC's secured claim in full. Debtors also proposed to provide GEC with insurance directly as of December of 2001. No objections were filed. The plan was confirmed on August 4, 2000.

Prior to obtaining confirmation of their amended plan, on May 12, 2000, GEC filed a motion for relief from automatic stay under 11 U.S.C. § 362 (dkt. #14A). Among other issues, GEC complained that the debtors' plan extended the contract between GEC and the debtors for eight months after the contract's due date, without the payment of interest. On July 7, 2000, the debtors and GEC filed a stipulation for adequate protection (dkt. #28).

In the stipulation, the parties recognized that GEC is the holder of a secured claim in the principal amount of $33,411.00. They indicate that the debtors will provide adequate protection by maintaining current payments under the amended Chapter 13 plan, consisting of thirty-six payments of $1,550.00. The debtors were required to maintain the collateral fully insured and in good condition and "otherwise, fully comply with debtor's obligations and responsibilities under the conditional sale contract." The stipulation further provides that "GEC will maintain its lien until payment in full of the stipulated payments" and that "secured creditor will be paid in full within the due date of the contract." The parties indicated that the terms of the stipulation were binding and that an order approving the same would have *res*

*judicata* effect. The Court entered an order approving the stipulation on August 4, 2000, the same date that the debtors' amended plan was confirmed.

On September 17, 2003, the trustee filed a notice of plan completion (dkt. #34). The debtors received their discharge on December 29, 2003 (dkt. #35). On July 13, 2004, the debtors filed this adversary proceeding. Thereafter, the trustee filed his final report and account, which showed that GEC received $33,411.00 (dkt. #39). The trustee gave notice to creditors and parties in interest that they had thirty days to filed objections (dkt. #39). No objections were filed.

In the present adversary proceeding, the debtors seek damages for violation of the automatic stay and violation of the discharge injunction. The debtors also seek transfer of title to the vehicle in which GEC had a security interest. The debtors allege that since the discharge, they have approached GEC on several occasions to have title to the vehicle transferred to the debtors and GEC has refused. The debtors also allege that GEC retained a check destined to the debtors for vehicle repairs. The debtors allege various damages based on these acts.

GEC filed an answer to the complaint, which only admitted that the debtors filed a bankruptcy petition, that GEC was a secured creditor and that the bankruptcy case remains open. GEC denied every other allegation of the complaint, including that it had

3

filed a secured claim in the amount of $33,411.00, that its claim was paid in full and that the debtors sought to have the title to the vehicle transferred to them.

GEC filed a motion to dismiss the complaint and a request for summary judgment (dkt. #15). In the motion, GEC admitted that it filed its proof of claim, that the debtors received their discharge and that the debtors had requested the title to the vehicle and were told that they still had an outstanding balance pending payment. GEC argues that pursuant to the conditional sales contract, the debtors still owe $3,897.27 for unpaid late charges and interest because its lien survived the bankruptcy discharge. It premises this contention on jurisprudence suggesting that liens pass through bankruptcy unaffected and on language in the stipulation stating that the debtors would fully comply with their obligations and responsibilities under the conditional sales contract.

The debtors filed an answer to the motion for summary judgment and requested partial summary judgment in their favor (dkt. #17). The debtors argue that GEC is not entitled to interest outside the plan. The debtors contend that GEC agreed to its treatment under the plan, by failing to object to confirmation.
They argue that the confirmation of their plan bound GEC and that the confirmation order is *res judicata* as to all issues that were or could have been litigated prior to entry of the order of

4

confirmation. The debtors also contend that the stipulation provided that GEC would only maintain its lien until the stipulated payments were made. The debtors conclude that GEC's lien was extinguished upon their completion of payments under the plan and that they have been discharged from payment of interest or any further amounts to this creditor. The debtors claim that GEC's attempts to collect interest violated the discharge injunction of 11 U.S.C. § 524(a)(2).

## DISCUSSION

The Chapter 13 discharge operated to discharge the debtors from all debts provided for by the plan. 11 U.S.C. § 1328(a). It continues to operate "as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). "Generally, a discharge in bankruptcy relieves a debtor from all pre-petition debt, and § 524(a) permanently enjoins creditor actions to collect discharged debt." Bessette v. Avco Fin. Servs., Inc., 230 F.3d 439, 444 (1st Cir. 2000). The bankruptcy court can invoke § 105(a) to enforce the discharge injunction of § 524(a). Id. at 445. For violation of the injunction, the Court may award damages, attorney's fees, and, where appropriate, punitive damages. Id.

At issue in the present case, is whether a secured creditor who filed a proof of claim for a sum certain, without requesting

5

interest, who participated in the Chapter 13 case without objection to the plan, and who waited until after the completion of payments before asserting a claim for interest, has an *in rem* claim for interest. The Bankruptcy Appellate Panel for the First Circuit has emphatically stated that the answer is "no." Doral Mortgage Corp. v. Echevarria (In re Echevarria), 212 B.R. 185 (B.A.P. 1st Cir. 1997), *aff'd*, 141 F.3d 1149 (1st Cir. 1998). As explained below, GEC is bound by the order of confirmation and the stipulation, which preclude collection of additional interest.

GEC argues that its lien passed through the bankruptcy unaffected. This, however, is an incomplete statement of the law. The general statement that liens pass through bankruptcy unaffected, must be qualified. "[L]iens pass through bankruptcy unaffected . . . unless they are brought into the bankruptcy proceeding and dealt with there." Matter of Penrod, 50 F.3d 459, 463 (7th Cir. 1995). A lien on property exists only to secure payment of a specific debt. In re Echevarria, 212 B.R. 26, 28 (Bankr.D.P.R.), *aff'd*, 212 B.R. 185 (B.A.P. 1st Cir. 1997), *aff'd*, 141 F.3d 1149 (1st Cir. 1998). Liens do not survive bankruptcy where the debt is provided for in the plan and is paid in full. Id.

The Court must consider whether GEC's debt was provided for in the confirmed plan and whether it was paid in full. The debtors initially filed a proof of claim on GEC's behalf in the amount of

$35,500.00. GEC amended the proof of claim to the amount of $33,411.00 and did not include a claim for interest. The debtors' proposed to have the trustee pay GEC's secured claim in full. GEC did not object to confirmation. Rather, GEC affirmatively incorporated the terms of the plan into the stipulation that it entered into with the debtors. The stipulation required the debtors to make the payments contemplated in the plan and indicated that GEC would maintain its lien until all the stipulated payments were made. GEC received treatment that conformed with its proof of claim and with the stipulation.

GEC now contends that it is entitled to interest because one section of the stipulation obligated the debtors to comply with their obligations and responsibilities under the conditional sales contract. The Court finds this interpretation disingenuous since it is included in a section of the stipulation related to the maintenance of insurance and maintaining the collateral in good condition. Moreover, GEC's interpretation clearly contradicts other, more specific language included in the stipulation i.e. that GEC would only maintain its lien until the stipulated plan payments were made. Accordingly, the Court concludes that GEC's lien did not survive the bankruptcy because the debt was provided for in the plan and in the stipulation and it was paid in full.

In a case with very similar facts, the Bankruptcy Appellate Panel for the First Circuit in <u>Echevarria</u> held that a creditor,

7

that filed a secured claim that did not include interest, that was dealt with in the plan and that waited for completion of plan payments before asserting a claim for interest, did not have an *in rem* claim against the collateral for interest. The court examined and found compelling, the Seventh Circuit Court of Appeal's decision in In re Chappell, 984 F.2d 775 (7th Cir. 1993).

In Chappell, a secured creditor filed a proof of claim, with no separate claim for interest. The plan provided for payment of the amount claimed. The attorney for the creditor wrote several letters to debtor's counsel regarding payment of interest, but took no other action until after completion of the plan, at which time it sought to foreclose its mortgage. The Seventh Circuit Court of Appeals, concluded that whatever right the secured creditor had to interest was waived by remaining silent until the plan was completed. The court stated that "[a]s a general rule, the failure to raise an 'objection at the confirmation hearing or to appeal from the order of confirmation should preclude . . . attack on the plan or any provisions thereof as illegal in a subsequent hearing.'" Id. at 782 (quoting In re Gregory, 705 F.2d 1118, 1121 (9th Cir. 1983)(other citations omitted)).

Moreover, pursuant to 11 U.S.C. § 1327(a), a confirmed Chapter 13 plan binds creditors to its terms. Where there is no evidence that a debtor is scheming to defraud the creditor and where a secured creditor has the opportunity to object to its treatment

8

under a plan and fails to do so, it is barred from later seeking to collect interest. In re Echevarria, 212 B.R. at 188.

The reasoning of the courts in Echevarria and Chappell are fully applicable here. GEC did not include interest in its claim. GEC never objected to its treatment under the plan, rather it stipulated with the debtors for the exact treatment that it received. GEC's claim was dealt with and paid in full through the plan. There is no allegation that the debtors were scheming to defraud GEC. Thus, GEC lost any right that it had to collect interest and may not now pursue an *in rem* claim. After the order of confirmation, the conclusion of payments under the plan and an order of discharge, the Court concludes that GEC's claim to interest, after having its claim paid in full under the plan, was waived.

GEC was prohibited by the discharge order, 11 U.S.C. § 1328(a) and § 524(a) from attempting to collect interest on the debt, which was paid in full, pursuant to the confirmed plan and stipulation. GEC will be required to immediately deliver title to the vehicle to the debtors and any insurance proceeds that it may have received. The Court will schedule a hearing on damages.

ORDER AND NOTICE

WHEREFORE IT IS ORDERED that GEC's motion to dismiss the complaint and the request for summary judgment (dkt. #15) shall be, and it hereby is DENIED. The debtors' request for partial summary judgment (dkt. #17) is GRANTED.

IT IS FURTHER ORDERED that GEC shall immediately deliver the title to the Peterbuilt towing truck to the debtors and it shall immediately refund to the debtors any insurance proceeds received, related to post discharge vehicle repairs.

A hearing on damages will be held on Friday, June 9, 2006, at 9:30 a.m. in the United States Bankruptcy Court for the District of Puerto Rico, 300 Recinto Sur, Courtroom 3, Old San Juan, Puerto Rico.

SO ORDERED.

San Juan, Puerto Rico, this 24th day of February, 2006.

s/ Gerardo A. Carlo
_____
GERARDO A. CARLO
Chief, U.S. Bankruptcy Judge