# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **IN RE**: | * | **CASE NO.  00-00801(GAC)** |
| | * | |
| **WILFREDO DE JESUS RIVERA** | * | **CHAPTER 13** |
| **SONIA M HERNANDEZ MELENDEZ** | * | |
| | * | **ADV.  PROC.  NO.  04-00165** |
| **Debtors** | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | |
| | * | |
| **WILFREDO DE JESUS RIVERA** | * | |
| **SONIA M HERNANDEZ MELENDEZ** | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| Vs. | * | |
| | * | |
| **GE CAPITAL CORPORATION OF PR** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

## MOTION REQUESTING COURT TAKE NOTICE OF DEFENDANT'S CONDUCT AND REQUEST FOR ORDER

**TO THE HONORABLE COURT:**

 **COME NOW,** the above-named plaintiffs through the undersigned attorney and very respectfully pray, allege, and request:

 1. Plaintiff herein requests that this Honorable Court take note of defendant's conduct throughout the present litigation as its appears from the record.

*Page -2-*

## I. Defendant Has Filed Contradictory Representations

2. Defendant has filed contradictory statements as the Court itself notes on page 3 of its Decision and Order of February 24th, 2006, wherein it states:

> *GEC filed an answer to the complaint, which only admitted that the debtors filed a bankruptcy petition, that GEC was a secured creditor and that the bankruptcy case remains open. GEC denied every other allegation of the complaint, including that it had filed a secured claim in the amount of $33,411.00, that its claim was paid in full and that the debtors sought to have the title to the vehicle transferred to them .*
>
> *GEC filed a motion to dismiss the complaint and a request for summary judgement. In the motion, GEC admitted that it filed its proof, that the debtors received their discharge and that the debtors had requested the title to the vehicle and were told that they still had an outstanding balance pending payment.*

## II. Defendant Has Failed To Obey This Court's Orders On Numerous Occasions And Has Needlessly Prolonged Litigation

### Facts

3. Plaintiff filed the instant adversary complaint on July 13th, 2004.

4. Interrogatories were sent to defendant on September 14th, 2004.

5. On October 4th, 2004 defendant requested and received a forty-five-day enlargement to answer interrogatories. (Adv. Proc. #9)

6. That as of the first pre-trial hearing scheduled for November 12th, 2004 defendant had still not answered interrogatories; consequently, said hearing was not celebrated.

7. That moreover, at said hearing no excuse was provided for the lack of compliance but instead defendant requested and was granted a conversion of the hearing to a "status conference."

8. That, in addition, at said hearing this Court granted parties up to January

*Page -3-*

      31st, 2005 to conclude discovery, to have pre-trial reports filed by February 15th, 2005 and scheduled a second pre-trial hearing for March 8th, 2005. (Adv. Proc. #10.)

9. That notwithstanding, defendant failed to heed the above order; by February 15th, 2005 it still had not answered the interrogatories sent on September 14th, 2004 by which a motion requesting sanctions was filed by plaintiff on February 17th, 2005. (Adv. Proc. #12.)

10. That at the second pre-trial hearing on March 8th, 2005 this Court took no action concerning plaintiff's request for sanctions; instead it accepted in open court defendant's request for summary judgement, ordered plaintiff to answer the same within twenty days and for a second time converted the pre-trial hearing into a status conference at defendant's request and scheduled a third pre-trial hearing for August 24th, 2005. Again, no excuses were provided. (Adv. Proc. #'s 15 and 16.)

11. That plaintiff filed its Answer And Request For Partial Summary Judgement on April 8th, 2005.

12. That on July 31st, 2005 plaintiff filed its pre-trial report in anticipation of the August 24th, 2005 pre-trial hearing; said report was filed without inclusion of defendant's part since defendant never prepared it in spite of the fact that it had previously been sent a computer disk to incorporate its report with that of defendant's.

13. That to this day defendant has not filed a pre-trial report in this adversary proceeding.

14. That on February 24th, 2006, in its Decision and Order, this Court held that defendant had violated 11 USC § 1328 (a) and 11 USC § 524 (a) and ordered defendant to "immediately deliver the title to the Peterbilt towing truck to the debtors and . . . immediately refund to the debtors any insurance proceeds received, related to post discharge vehicle repairs."

15. That true to form, defendant has failed to heed the Court's order in spite of having been requested to do so by letter sent by plaintiff on April 12th, 2006.

16. That instead, a subpoena for deposition of plaintiffs was submitted on April

*Page -4-*

  20th, 2006, a full year after the court ordered completion of discovery in the instant proceeding.

### III. Who represents defendant?

17. Finally, who truly represents the defendant in this case? Who is ultimately responsible before the Court and before the client?

18. The attorney of record in this proceeding is Mr Wilfredo Segarra Miranda, Esq.; it is Mr. Segarra who signed the answer and the initial motions, yet this attorney has never appeared in court for his client.

19. That instead, attorney Ms. Noemí Landrau Rivera, Esq. has appeared to represent defendant in court.

20. That lately, attorney Landrau Rivera has taken to signing motions in this case, including a subpoena filed on April 20th, 2006, yet a professional relationship has never been explained nor has she filed a notice of appearance according to the Rules Of Bankruptcy Procedure.

21. That if she is only an associate, why are notices now being sent from the offices of "Landrau Rivera And Associates"?

 **WHEREFORE,** it is respectfully requested that this Honorable Court take note of defendant's conduct in the instant litigation, including (a) its filings of contradictory statements, (b) failure to abide this Court's orders, and (c) needless prolongation of the proceedings, and order defendant to:

(1). Forthwith comply with this Court's order of February 24th, 2006 and turn over title of vehicle to debtors as well as refund all insurance proceeds taken post-discharge under penalty of contempt, and

(2) Order attorney Wilfredo Segarra Miranda, Esq. to appear in Court or explain in writing, subject to Bankruptcy Rule 9011, the nature of the professional relationship with attorney Landrau and what gives her authority to sign motions on behalf of defendant.

 **I HEREBY CERTIFY** that a copy of this writ has been sent to attorney for defendant General Electric Capital Corporation of Puerto Rico, Mr. Wilfredo Segarra Miranda, Esq., PO Box 9023385, San Juan, PR 00902-3385 segarralaw@prtc.net; Ms.

*Page -5-*

Noemí Landrau Rivera, Landrau And Associates, PMB 660 497 Ave. E Pol, San Juan, PR 00926-5639 and to standing Chapter 13 Trustee, José Carrión, Esq. PO Box 9023884, San Juan, PR 00902 3884 ecfmail@ch13-pr.com.

In Bayamón, Puerto Rico, this 28th day of April, 2006.

**ROBERTO PEREZ OBREGON
PO BOX 9497
BAYAMON PR 00960 8041
TEL: 787-787-9883**
rperez23@msn.com
elizabethalemany@msn.com