IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>WILFREDO DE JESUS RIVERA<br>SONIA M. HERNANDEZ MELENDEZ<br><br>DEBTORS | CASE NO. 00-00801 GAC<br><br>CHAPTER 13 |
| WILFREDO DE JESUS RIVERA<br>SONIA M. HERNANDEZ MELENDEZ<br><br>PLAINTIFFS<br><br>VS.<br><br>GE CAPITAL CORPORATION OF PR<br><br>DEFENDANT | ADV. PROC. NO. 04-00165 |

**URGENT MOTION REQUESTING COURT TO TAKE NOTICE OF PLAINTIFFS' CONDUCT; REQUEST FOR ENTRY OF ORDER; &
REQUEST FOR CONVERSION OF HEARING TO SETTLEMENT CONFERENCE**

TO THE HONORABLE COURT:

COMES NOW, General Electric Capital Corporation of Puerto Rico (GEC), represented by the undersigned attorneys and before this Honorable Court most respectfully states and prays:

1. On July 13th, 2004 Plaintiffs filed a complaint against Defendant for alleged violation of sections 362 and 524 of the Bankruptcy Code. The complaint was answered by defendant on August 30th, 2004. See docket no. 1 and 6.

2. On March 8th, 2005 Defendant, GEC, filed a "Motion to dismiss complaint and request for summary judgment" which was replied by plaintiffs on April 4th, 2005. See docket no. 15 and 17. Despite dispositive motions filed before this Court, parties also engaged in discovery.

3. On March 7th, 2005, GEC served upon plaintiffs an interrogatory and request for production of documents, which was answered by debtors on April 28th, 2005. Several items in the interrogatory and the request for production of documents were not answered and plaintiff stated that it would be "submitted prior to trial".

4. In interrogatory item no. 4 defendant requested plaintiffs to "give a detailed account of your verbal communications or representations with personnel of defendant. State specifically the name of the person with whom you spoke, date of the conversation and provide an account of the conversation". Defendant also requested information regarding alleged damages and financial stress alleged due to GEC in requests for production of documents 3, 5, 6, 7, 8, 9, 10, 11 and 12. See Exhibit A. In their answer plaintiffs stated that aforementioned information would be "submitted prior to trial". See Exhibit B.

5. On July 31st, 2005, despite the fact this Court had not entered judgment on the pending summary judgment, plaintiffs filed their pretrial report and stated that as part of their evidence they would submit item number 17 which is described as "Esso Standard Oil Company & Camiones, Cooperativa De Transporte De Carga". See docket no. 26. These were documents requested by defendant in discovery submitted. However, to this date, Plaintiffs have not said contracts.

6. On April 20th, 2006 in order to solve discovery issues, analyze the possibility of transaction and obtain discovery not yet produced by plaintiffs, GEC sent a subpoena to plaintiffs. See docket no. 34. A motion requesting dismissal of subpoena was filed by plaintiffs on April 28th, 2005, alleging that discovery had already been closed, despite the fact that plaintiffs have yet to produced all evidence requested by defendant in interrogatory and request for production of

documents served before the discovery deadline. See docket no. 35. Plaintiffs motion was granted on May 22nd, 2005 in an order which stated that discovery deadline was April 29th, 2005. See docket no. 37.

7. In an effort to simplify and minimize controversies between the parties, both counsels for GEC, Wilfredo Segarra Miranda and Noemí Landrau Rivera, on several occasions, in personally and over attempted telephone conferences, have pleaded with counsel for plaintiffs a meeting in order to obtain the discovery needed for the hearing scheduled for this next June 9th, 2006 and discuss the possibility of a transaction. **Attorney for plaintiffs has at all times refused a meeting amongst the attorneys and has failed to provide the discovery timely requested.**

8. Instead frivolous motions are filed by plaintiffs requesting that GEC's legal representation be clarified when it has been clear since the commencement of this adversary proceeding that attorneys for GEC are Wilfredo Segarra Miranda and Noemí Landrau Rivera. See docket no. 36.

9. Defendant, General Electric Capital Corporation, is aware of this court's decision entered on February 24th, 2006 as a result of a motion it filed for summary judgment in order to expedite Court proceedings and reduce costs to all parties.

10. In order to also avoid costs and to fairly be in a position to prosecute its case, defendant now requests the plaintiff comply with discovery and they blatantly refuse. Discovery timely requested has not been provided to defendant and if it is not provided then plaintiff should not be allowed to present such evidence at the hearing on damages. Moreover, in order to promote the expedition of this case and the reduction of costs a transaction hearing should be held in order for parties to be able to settle the instant action.

11. Plaintiffs allege that actions by GEC have caused them damages, however, no

evidence of said damages, although timely requested, has been provided to defendant. Attorneys for defendant, specifically undersigned attorney, under penalty of perjury hereby states that she has attempted to discuss the discovery issues with counsel for plaintiffs but he has consistently refused to meet or further comply with discovery.

12. In view of this Court judgment of February 24th, 2006 and in an effort to settle the controversies in the instant case, General Electric Capital Corporation of Puerto Rico hereby requests that hearing scheduled for Friday be converted to a settlement conference and that in the alternative if hearing is not converted, it is requested that plaintiffs allegations as to damages caused by defendants be stricken in as much plaintiffs have failed to present evidence timely requested by defendant.

WHEREFORE it is respectfully requested that this Court take note of the aforementioned and enter an order:

a) converting hearing scheduled on June 9th, 2006 to a transactional hearing;

b) in the alternative, enter an order striking debtor's allegations as to damages in as much as they have not complied with discovery timely requested.

RESPECTFULLY SUBMITTED. In San Juan, Puerto Rico this 7th day of June, 2006.

I HEREBY CERTIFY: That a true and exact copy of this motion was sent by mail to plaintiffs, Wilfredo de Jesus Rivera & Sonia M. Hernandez Melendez, PO Box 9196 Bayamon, P.R. 00960; attorney for plaintiffs, Roberto Pérez Obregón, PO Box 9497, Bayamon, PR 00960-8041; and to Chapter 13 Trustee, Jose R. Carrión, PO Box 9023884, San Juan, P.R. 00902-3884.

SEGARRA MIRANDA & ASSOCIATES
P.O. BOX 9023385
SAN JUAN, P.R. 00902-3385
TEL. 787-725-6160
FAX: 787-977-2288

/s/ NOEMI LANDRAU RIVERA
USDC 215510


Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 00-00801 (GAC) |
| WILFREDO DE JESUS RIVERA<br>SONIA M. HERNANDEZ MELENDEZ | CHAPTER 13 |
| DEBTORS | |
| WILFREDO DE JESUS RIVERA<br>SONIA M. HERNANDEZ MELENDEZ | ADVERSARY PROC. NO. 04-00165 |
| PLAINTIFFS | |
| VS. | |
| GENERAL ELECTRIC CAPITAL<br>CORPORATION OF PUERTO RICO | |
| DEFENDANT | |

**INTERROGATORY AND REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW Defendant, thru the undersigned counsel of record and notifies to Plaintiff, General Electric Capital Corporation of Puerto Rico, the following request for production of documents:

To: Plaintiffs, WILFREDO DE JESUS RIVERA &
SONIA M. HERNANDEZ MELENDEZ,
through its attorney of record,
Roberto Perez Obregón, Esq.
PO Box 9497
San Juan, PR 00960-8041

Defendant, General Electric Capital Corporation of Puerto Rico, serves this interrogatory and request for production on Plaintiffs as authorized by Federal Rule of Civil Procedure 33 and 34. As required by FRCP, defendant must produce all requested documents for inspection and copying according to each request. The documents must be produced within 30 days of service of this request at:

SEGARRA MIRANDA & ASSOC.
201 Tetuan St. Suite 700

                                Old San Juan, PR 00902-3385
                                Tel. (787) 725-6160

Or sent via mail to:      SEGARRA MIRANDA & ASSOC.
                                PO 9023385
                                San Juan, PR 00902-3385

## INSTRUCTIONS

1. Answer each request for documents separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

2. For each document of other requested information that the defendant asserts is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion.

3. For each document defendant claims not discoverable, state the information required by the definition of "documents" below, and in addition state: (a) the author's job title and address; (b) the recipient's job title and address; (c) the name and job title of all persons to whom it was circulated or who saw it; (d) the name, job title, and address of the person now in possession of the document; and (e) the document's present location.

4. For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

## DEFINITIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1. <u>Parties.</u> The term "plaintiff" or "defendant" as well as a party's full or abbreviated name or pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2. <u>Person.</u> The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

3. <u>Document.</u> The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) and includes computer records in any format. A draft

or non-identical copy is a separate document within the meaning of this term.

    4. <u>Communication.</u> The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

    5. <u>Identify (person).</u> When referring to a person, "identify" means to give to the extent known: the person's full name, present or last known address, and telephone number, and additionally, when referring to a natural person, the present or last known place of employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

    6. <u>Identify (document).</u> When referring to documents, "identify" means to give, to the extent known: (a) the type of document; (b) the general subject matter; (c) the date of the document; (d) authors, addressees, and recipients; (e) the location of the document; (f) the identity of the person or entity who has custody of the document; and (g) whether the document has been destroyed, and, if so, the (i) date of its destruction, (ii) reasons for its destruction, (iii) identity of the person who destroyed it.

    7. <u>Relating.</u> The term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

    8. <u>All/Each.</u> The terms "all" and "each" shall be construed as "and," "each," and "and/or."

    9. <u>Any.</u> The term "any" should be understood in either its most or least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    10. <u>And/Or.</u> The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

    11. <u>Number.</u> The use of the singular form of any word includes the plural and vice versa.

<u>INTERROGATORY:</u>

1.     For each plaintiff states:
        a) Full name
        b) Age
        c) Residential and Postal Address
        d) Social Security Number
        e) If married, date of marriage
        f) Occupation
        g) Years employed at the occupation

2. Name the witnesses to be presented at trial and give a detailed narrative of the testimony each one will offer at trial.

3. State your gross and net income for the years 2000, 2001, 2002, 2003, 2004 and up to March 2005.

4. Give a detailed account of your verbal communications or representations with personnel of Defendant. State specifically the name of the person with whom you spoke, date of the conversation and provide an account of the conversation.

5. State the specific location of Plaintiff's collateral object of this suit.

6. Provide a detailed description of the condition of Plaintiff's collateral.

7. Provide a detail description of the damages suffered by you as a consequence of the alleged actions by defendant.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Produce all documents, data compilations, and tangible things, in the possession, custody, or control of Plaintiffs, that are relevant to the disputed facts alleged with particularity in the complaint filed by Plaintiff in the instant proceeding. Include the identity of the person compiling the list and describe the information by category and location.

2. Produce a copies of the all payments made to GEC for the financing of the 1997 Peterbuilt Truck Tractor, purchased on November 1st, 1996.

3. Produce copies of all written communications sent by Plaintiff to Defendant within the course of 1996 until present.

4. Produce copies of all written communications sent by Defendant to Plaintiff within the course of 1996 until present.

5. Produce copies of all documentary evidence to be presented at trial.

6. Produce copies of your bank statements for the years 2003, 2004 and 2005.

7. Produce income tax returns for the years 2000, 2001, 2002, 2003 and 2004.

8. Produce copies of evidence in support of damages claimed in your complaint.

9. Provide a list of the projects in which the 1997 Peterbuilt has been used from 2002, 2003, 2004 and 2005 and the amount of said projects.

10. Provide photographs demonstrating the actual condition of defendant's collateral object

of this suit.

      11. Provide a copy of the Rules and Procedures ("Reglamento") of the Cooperativa de Transporte de Carga.

      12. Provide evidence that you have been a continued member of Cooperativa de Transporte de Carga for the years 2000 until 2005.

      **I HEREBY CERTIFY** on the same date a true copy of this motion has been hand delivered to the attorney for Plaintiffs, Roberto Perez Obregón, PO Box 9497, Bayamón, PR 00960-8041.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 7th day of March, 2005.

      SEGARRA MIRANDA & ASSOCIATES
      PO Box 9023385
      San Juan, Puerto Rico 00902-3385
      Tel. (787) 725-6160
      Fax. (787) 977-2288

      WILFREDO SEGARRA MIRANDA
      USDC 126705

      NOEMI LANDRAU RIVERA
      USDC 215510

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 00-00801(GAC) |
| WILFREDO DE JESUS RIVERA<br>SONIA M HERNANDEZ MELENDEZ | CHAPTER 13 |
| | ADV. PROC. NO. 04-00165 |
| Debtors | |
| WILFREDO DE JESUS RIVERA<br>SONIA M HERNANDEZ MELENDEZ | |
| Plaintiffs | |
| Vs. | |
| GE CAPITAL CORPORATION OF PR | |
| Defendant | |

## PLAINTIFFS' ANSWER TO INTERROGATORIES

1.
   a. Wilfredo de Jesus Rivera, Sonia Maria Hernandez Melendez

   b. 58 yrs., 58 yrs.

   c. Postal PO Box 9109, Bayamon, PR 00960

   d. 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, 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

Page -2-

      e.     February 18, 1980

      f.     Truck Driver, Housewife

      g.     30 yrs., 23 yrs.

2.

      a.     Wilfredo de Jesus Rivera-will narrate experiences with GE Capital in attempts to have GE Capital surrender title of vehicle after having received Chapter 13 discharge; GE Capital's illegal confiscation of Royal & Sunalliance check, financial damages resulting from GE Capital's refusal to surrender vehicle and resulting economic and emotional damages.

      b.     Sonia Maria Hernandez Melendez -will narrate negative family experiences and emotional and financial stresses due to GE Capital's refusal to surrender vehicle free and clear of liens.

      c.     Katherine Rivera, insurance agent will testify that she communicated in writing and orally with GE Capital officials to inform them that the purpose of Royal & Sunalliance check in the amount of $1,166.00 was to cover repairs for damages incurred on the vehicle.

      d.     Dr. Carmen Saenz, psychiatrist, will narrate plaintiff's emotional condition resulting from GE Capital's refusal to surrender title.

3.     Gross Income

2000-$129,505.00
2001-161,343.00
2002-157,268.00
2003-163,428.00
2004-(Tax returns in process; will be submitted as soon as received.)

4.     To be submitted prior to trial.

5.     At residence located at Rd. 830, Km 0.6, Santa Olaya Ward, Los Llanos

5. At residence located at Rd. 830, Km 0.6, Santa Olaya Ward, Los Llanos Sector, Bayamon, PR

6. In normal conditions taking into account that it has not been used for the past ten months.

Unsworn declaration under penalty of perjury, in Bayamón, Puerto Rico this 28th day of April, 2005.

_____
Wilfredo De Jesús Rivera

_____
Sonia M. Hernández Meléndez