1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WILFREDO DE JESUS RIVERA | CASE NO.: 04-13044(GAC) |
| | ADV. NO.: 04-00165 |
| DEBTOR VS. GE CAPITAL CORP | Old San Juan, Puerto Rico<br>June 9, 2006 |

**AMENDED TRANSCRIPT**
HELD BEFORE THE HONORABLE GERARDO A. CARLO
UNITED STATES BANKRUPTCY COURT JUDGE
FEDERAL COURTHOUSE, OLD SAN JUAN, PUERTO RICO

APPEARANCES:

For the Ch. 13 Trustee:

For the Debtor:          R. Perez Obregon, Esq.

For GE Capital:          N. Landrau Rivera, Esq.

Court Recorder:          Alba Iris Ramos

JAMES ROHAN REPORTERS
Tel. 725-7203 Cell Phone. 329-0114  Email  rohanmav@aol.com
P.O. Box 16062, Santurce, P.R. 00908

135

P R O C E E D I N G S

**TRANSCRIPT BEGINS WITH THE CLOSING ARGUMENTS OF MS. LANDRAU RIVERA AND ARE AS FOLLOWS:**

(11:49 A.M.)

MS. LANDRAU RIVERA: We have two...

THE COURT: Sorry?

MS. LANDRAU RIVERA: We have two areas which we would like to clarify for the Court...

THE COURT: Okay.

MS. LANDRAU RIVERA: ... and we would make our closing statement.

1. Your Honor, it is true that two (2) pre-trials were scheduled. The first one was converted to a status and that was by consent, by consent of both parties and I have the docket here.

It was scheduled for November 12, 2004 and the reason that it was converted, Your Honor, is because the Plaintiffs had notified upon Defendant an extensive interrogatory and discovery had not concluded at that time.

Afterwards, Your Honor, yes another pre-trial was held and at that time, Your Honor, we filed a motion for summary judgment and the motion to dismiss, in order to expedite the proceedings, Your Honor.

And that is why that second pre-trial could not be held and that is information from the docket.

136

1    Docket #16, Your Honor, I believe is the
2    second pre-trial, is the minutes from the second pre-trial.
3            THE COURT:       Okay.
4            MS. LANDRAU RIVERA:       As you can see, the
5    Court scheduled -- and the motion for dismiss was filed and
6    a request for summary judgment.
7            Opposing party, which is Plaintiff, filed its
8    opposition.  The Court took it under advisement and on
9    February 2006, which is Docket #31, the Court entered a
10   decision in favor of Plaintiff's as to GEC and to the fact
11   that GEC had illegally acted in not granting the title.
12           And then the Court scheduled this hearing for
13   today.  That is just to clarify the record, Your Honor.
14           THE COURT:       Okay.
15           MS. LANDRAU RIVERA:       And also to clarify
16   that General Electric, Your Honor, complied with the
17   discovery that was requested and also made discovery.
18           Your Honor, also from the record it stems
19   that on April 20, 2006, which is Docket #34, GE served a
20   subpoena upon witness and requested him to appear at the
21   offices of Mr. Wilfredo Segarra Miranda in order to -- and
22   we were anticipating that date in order to discuss discovery
23   issues and the possibility of a settlement in this case.
24           However, counsel for Plaintiff refused to
25   appear, filed a motion to dismiss regarding that subpoena

137

1 stating that discovery had already been closed.
2 He also refused to meet with us as to any
3 transaction and he stated that issues would be resolved on
4 this date, and that is why we are here today.
5 Now, again, getting to why we are here today,
6 which is the damages.
7 MR. PEREZ OBREGON: Your Honor, we are here
8 today because of GE's refusal to honor the discharge.
9 THE COURT: No, no, no. Counsel, I already
10 both of you...
11 MR. PEREZ OBREGON: Yes, Your Honor.
12 THE COURT: ... not to interfere with the
13 other. So, let's keep it simple here. One at a time.
14 MS. LANDRAU RIVERA: Your Honor, damages is
15 a term that can encompass various things.
16 There are actually damages and then there are
17 emotional damages and there are punitive damages. Now, for
18 -- and there are economical damages, also.
19 Now, for a party to be able to present a
20 defense against an allegation because that is the way one
21 comes to Court, one pleads in a complaint and one states
22 that this and this and this and this occurs through
23 allegations.
24 One serves a complaint and the other party
25 reads it and admits it or denies it. The situation here,

1    Your Honor, is that when just a brief review of the
2    complaint demonstrates that yes he, Debtor, alleged as to
3    the fact that GE failed to surrender the title.  Yes, that
4    is correct.  He alleged that.
5                He also alleged that GE unlawfully retained a
6    check in the amount of $1,196 from an insurance company.
7    Yes, he alleged that.
8                And the Court entered judgment as to those
9    allegations which are here contained in the complaint,
10   because those are the allegations that GE admitted or
11   denied.
12   And these allegations are admitted, Your Honor.
13               GE admitted these allegations and put the
14   Court in a position to resolve that issue.
15               Now, Plaintiff also has to be put the Court
16   in a position to be able to solve the issue as to damages
17   and so that Defendant can actually present an adequate
18   defense and
19   a timely defense in a way that it will not be prejudicial to
20   it and in terms of just and fair play in judicial
21   proceedings.
22               Now, the allegations as to damages and I am
23   reading textually from the complaint is, #1, "that it has
24   continued to cause damages to Debtor inasmuch as Cooperativa
25   Transporte de Carga requires that its driver operate

1   vehicles no more than seven (7) years old."
2               If that is a damage that was alleged, Your
3   Honor, evidence has been presented and it has already been
4   admitted as evidence and it was admitted by the witness that
5   he did continue working because he bought in June 2004 a
6   2005 Kenworth truck.  Now, that is as to that.
7               Allegation #12, "that since General Electric
8   Corporation refuses to relinquish title to the vehicle
9   Debtor's are economically precluded from acquiring a new
10  model since they cannot use the 1977 Peterbilt truck tractor
11  for training purposes."
12              Your Honor, economically precluded if I
13  understand correctly is that you do not have the economic
14  ability to obtain a new truck and that you don't have
15  economic ability.
16              Your Honor, it has -- he has stated that he
17  was qualified, and witness -- and I recall specifically to
18  testimony by Mr. Wilfredo de Jesus which states, #1, that he
19  was qualified by Cooperativa de Caguas, specifically.
20              He also states that he continually kept
21  working.  His relationship with Cooperativa de Camioneros
22  never ceased.
23              So, economically precluded, Your Honor, is
24  actually false in this complaint.
25              Now, #13 states, "Defendant's refusal to

140

1     relinquish title on said vehicle as well as its unlawful
2     appropriation of Debtor's insurance check has caused damage
3     to Plaintiff and constitutes willful violation of the
4     automatic stay", and the other has to do with that check
5     from the insurance company, which has already been provided
6     to brother counsel.
7                    Now, the other allegation as to damages is a
8     general allegation.  As to the violation of the automatic we
9     would have to see what actually are the damages that are
10    being alleged by Debtor.
11                   Now, are we stating -- we oppose that this
12    Court admit emotional damages because they were not alleged
13    in the complaint.
14                   But even if, Your Honor, for argument
15    purposes let's say that this Court says, yes it is admitted
16    that emotional damages could -- could -- you know, they
17    could bring in evidence regarding that.
18                   Well, Your Honor, we have had the testimony
19    of a psychiatrist in the witness stand that demonstrated
20    that since October 2002, and may I say that in October 2002
21    the bankruptcy was still pending, Your Honor, before this
22    Court, that both Debtor and joint Debtor presented
23    depression, symptoms of depression and that they -- that
24    they were tense and they stated that they had -- actually
25    stated that he was sad.

141

1    Specifically Mr. Wilfredo de Jesus was sad
2    and that she did prescribe medication to him and that was in
3    October 2002.
4             And that comes and stuns one when the wife of
5    30 years, that companion and we assume a 30 year marriage,
6    of course they know each other by then a marriage of 30
7    years, she sits down in the stand and she says that her
8    husband started to suffer the symptoms of insomnia and of
9    depression and of being sad in 2004.
10            And that prior to the bankruptcy -- and that
11   during the pending of the bankruptcy that he was well.  That
12   he was a good man.  That he had no problem whatsoever at
13   all.
14            Then, what damages did GE really cause by
15   failing to surrender a vehicle?  Are they imposing upon GE a
16   responsibility of damages because of dreams that they wanted
17   to occur in the future?
18            Or are there actual real damages of what
19   happened actually due to GEC's failure to provide or to
20   surrender the vehicle?
21            Mr. Wilfredo de Jesus testified here he never
22   actually had a buyer.  The fact is that he never had a buyer
23   for this truck.
24            He said he talked to a person by the name of
25   Carlos, he doesn't know the last name.  They never actually

142

1 put anything down. They never actually went to GE to say
2 "listen, this is a buyer", which occurs in business all the
3 time.
4 GE and other financial institutions when they
5 have vehicles both persons go into the financing institution
6 and say "this is the buyer, he's willing to buy" and he
7 recognized that the debt was $3,800 and that the amount that
8 this person was going to pay him was $70,000.
9 No, Your Honor. This shocks one when you
10 know that a deal of $70,000 was not made because he
11 understood that it was unfair to pay $3,800.
12 Well, if GE had violated the discharge
13 injunction he could have taken that deal and filed the same
14 and probably obtained the $3,800 in this proceeding.
15 If actually GEC did inflict damages
16 purposefully upon this Plaintiff, then, Your Honor, we are
17 saying there should have been some kind of change of
18 circumstances or he really did not work, which was the
19 understanding and the -- and the -- and the facts which are
20 alleged in this complaint which was presented before this
21 Court.
22 We proffer, Your Honor, before this Court,
23 yes it has made a ruling. GE accepts it and GE abides by
24 it, yes Your Honor.
25 And the check was already provided to brother

143

1  counsel and whenever he will like to meet or whenever his
2  client is able to go to GE or whatever way -- we have not
3  been able to talk but whatever way -- GE would relinquish
4  title, we are able to do that.
5       But we are here today for damages and the
6  evidence presented here, Your Honor, is that actually
7  damages caused upon the Debtor and upon his wife, Your
8  Honor, if any, which we deny that GE made, are barely
9  minimal and if any, Your Honor, are self inflicted.
10      THE COURT:    Counsel, I'll give you two
11 minutes to respond if you wish to...
12      MR. PEREZ OBREGON:    Well,...
13      THE COURT:    ... if you have anything to say?
14      MR. PEREZ OBREGON:    Yes, Your Honor.
15      There is no doubt that GE Capital violated
16 the discharge injunction, and that alone merits sanctions.
17      What I would like to know now is when can my
18 client go to GE Capital and have that lien removed?  Because
19 this case was filed two years ago and it still hasn't been
20 removed, inspite of the fact that we sent them a letter in
21 April to inform us when that -- when he could go there and
22 have that change made.
23      THE COURT:    Is that it, counsel?  Do you
24 have anything else?
25      MR. PEREZ OBREGON:    No, Your Honor. That's

144

1 it.
2 THE COURT: Well, I thought in my order of
3 -- decision and order of February 24th that that matter had
4 been solved, but apparently it hasn't been solved.
5 MR. PEREZ OBREGON: It should have been
6 solved.
7 THE COURT: We entered an order saying
8 various things. One of them was immediately deliver title
9 to the Peterbilt towing truck.
10 And you're telling me that that hasn't been
11 done?
12 MR. PEREZ OBREGON: No, Your Honor.
13 It hasn't been done to this date.
14 MS. LANDRAU RIVERA: How do we do it, Your
15 Honor?
16 THE COURT: Well, I don't understand...
17 MS. LANDRAU RIVERA: Do we send it by mail?
18 Do we...
19 THE COURT: ... what the problem is. This
20 is February -- this order was entered February 24th.
21 However, I don't have a motion on your part to compel this
22 motion.
23 So, I'm going to require that you put it in
24 writing and we'll issue whatever order you think is
25 necessary.

145

1  MR. PEREZ OBREGON:  Yes, Your Honor.
2  That just...
3  THE COURT:  I'm surprised to learn that that
4  hasn't been complied with.
5  MR. PEREZ OBREGON:  Because it shows GE
6  Capital's attitude in this entire proceeding.
7  It has not obeyed the law.  It has not obeyed
8  this Court's orders, Your Honor.  That is the reason why
9  we've come here today and GE Capital is unprepared for the
10  witnesses that were here today, Your Honor, because it
11  simply has not done anything.
12  THE COURT:  Okay.
13  Anything else?
14  MS. LANDRAU RIVERA:  Just -- Your Honor, he
15  has the title.  What he wants is the cancellation of the
16  lien, but he has the title.
17  THE COURT:  Well, I don't think it's an
18  issue before this Court today...
19  MS. LANDRAU RIVERA:  Yes.
20  THE COURT:  ... but I'm just surprised to
21  hear that the title has not been transferred.  But in any
22  event, I will wait for your memorandums, that's be the 15th
23  and the record, the transcript of the record, will be ready
24  next week.
25  MS. LANDRAU RIVERA:  May I, Your Honor, just

146

```
 1    to be sure that we comply correctly with the memorandum.
 2              THE COURT:        Go ahead.
 3              MS. LANDRAU RIVERA:       What is exactly that
 4    the Court wants us to address in the memorandum?
 5              THE COURT:        The memorandum that normally the
 6    parties will file after an evidentiary trial like this
 7    includes issues of law and of fact.
 8              MS. LANDRAU RIVERA:       Okay.
 9              THE COURT:        Anything you want this Court to
10    take into consideration, based on the transcript of facts,
11    based on any legal issues that you want this Court to
12    consider,...
13              MS. LANDRAU RIVERA:       Very well.
14              THE COURT:        ... including the issue of
15    emotional damages which you have very well talked about.
16    You know, obviously your theory is that there have been no
17    actual damages and no economic damages.
18                   So, you should argue that and you should
19    argue whether emotional damages are allowed in this Circuit
20    and if they are allowed why should they be allowed or
21    disallowed in this case, based on the evidence.
22              MS. LANDRAU RIVERA:       Thank you, Your Honor.
23              THE COURT:        There have been some recent
24    Circuit Court decisions on emotional damages, by the way, on
25    violations of stay, which you should take into
```

147

1    consideration.
2            MS. LANDRAU RIVERA:    Yes.
3            THE COURT:    Also, punitive damages.  I
4    notice you haven't talked about punitive damages at all or
5    argued. Tell me if I should allow punitive damages or not.
6                It's a regular memorandum of law that you
7    normally would file in a case like this.
8            MS. LANDRAU RIVERA:    Thank you, Your Honor.
9    Just to be sure that we complied, and nothing have to do
10   with the facts or the violation or anything like that?
11           THE COURT:    Well, nothing to do with the
12   decision and order I entered because that wasn't appealed.
13           MS. LANDRAU RIVERA:    Exacto.  Thank you,
14   Your Honor.
15           THE COURT:    We're talking about damages,
16   okay.
17               I think that takes care of the matters that
18   we have before us.  If you have nothing else, you're
19   excused.
20           DEPUTY CLERK:    All rise.
21                                        (12:06 P.M.)

148

## CERTIFICATE OF COURT REPORTER

I, **JAMES ROHAN**, Certified Professional Stenographer, DO HEREBY CERTIFY:

That the foregoing is a full, true and correct transcript of the aforesaid testimony which was taken down by electronic recording and thereafter reduced to typewriting under my direction.

I FURTHER CERTIFY that I am not attorney for nor counsel to either of any of the parties in interest nor in any way interested in the outcome of the cause named in said action.

WITNESS MY HAND this 3rd day of October 2006 in San Juan, Puerto Rico.

_____
COURT REPORTER

JAMES ROHAN REPORTERS
Tel. 725-7203 Cell Phone. 329-0114 Email rohanmav@aol.com
P.O. Box 16062, Santurce, P.R. 00908