# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 00-00801 GAC |
| WILFREDO DE JESUS RIVERA<br>SONIA M. HERNANDEZ MELENDEZ | CHAPTER 13 |
| DEBTORS | |
| WILFREDO DE JESUS RIVERA<br>SONIA M. HERNANDEZ MELENDEZ | ADV. PROC. NO. 04-00165 |
| PLAINTIFFS | |
| VS. | |
| GE CAPITAL CORPORATION OF PR | |
| DEFENDANT | |

**DEFENDANT'S MOTION IN COMPLIANCE WITH ORDER DOCKET NO. 58**

TO THE HONORABLE COURT:

COMES NOW, General Electric Capital Corporation of Puerto Rico (GEC), represented by the undersigned attorney and before this Honorable Court most respectfully state and pray:

1. On June 9th, 2006 this Court entered an order directing parties to file memorandum of law by August 15th, 2006. See Docket no. 47. Memorandum of law was requested by this Court upon defendant's request to strike plaintiff's false pleadings and allegations in the complaint. See docket no. 44.

2. On August 12th, 2006 upon a careful review of the transcript, defendant filed a motion requesting a review of the transcript entered at docket no. 46. However, in order to comply with the deadline set before this Court, it filed its memorandum of law as requested by this Court on August

1

15th, 2006. See docket no. 50. No order granting an extension of time to file the memorandum of law was entered by this Court.

3. On October 5th, 2006, almost two (2) months after the filing of defendant's memorandum of law and without requesting leave of this Court, Plaintiff filed its memorandum of law. Plaintiff therefore had the benefit of defendant's memorandum of law, while it failed to timely comply with the deadline set before this Court.

4. On October 5th, 2006 plaintiff filed a motion stating that it was filing its memorandum of law after the entry of the "entire transcript" which was done on October 3rd, 2006. However, its memorandum of law does not rely on the evidence and the transcript presented before this Court, but instead they continue to bring before this Court matters object of the summary judgment which do not address the issue of damages as requested. Therefore no justification exists for plaintiff's failure to comply with this Court's order.

5. In Plaintiffs' memorandum they invoked this Court's discretionary power to impose actual and punitive damages because they in fact know that defendant's conduct did not cause damages upon plaintiffs. GEC's assertion of its rights in the interpretation of a stipulation presented before this Court has been adjudicated by this Court. See docket no. 31. However, the matter of damages in an entire different set of facts which plaintiffs failed to present before this Court as discussed in GEC's memorandum at docket no. 50.

6. On October 10th, 2005 this Honorable Court entered order directing defendant to file its memorandum of law. Docket no. 58. It is hereby requested that this Court take note of defendant's memorandum of law in compliance with order of this Court on August 15th, 2006. Docket no. 50. Memorandum of law filed on August 15th, 2006 provides a detailed case history and

arguments in law, substantiated by plaintiffs' testimony at trial, as well as the evidence presented in the case.

6. After a review of the amended transcript filed by the Clerk of the Court, docket no. 54, defendant hereby reaffirms each allegation and argument stated in its pending motions and in memorandum of law filed on August 15th, 2006. Docket no. 50. Plaintiffs have falsely alleged damages which did not occur and they have failed to present evidence substantiating actual or punitive damages.

7. It is respectfully requested that this Court take note of defendant's memorandum of law filed at docket no. 50.

WHEREFORE, it is respectfully requested that this Honorable Court take note of defendant's memorandum of law filed on August 15th, 2006, docket no. 50., and its compliance with order entered by this Honorable Court on October 10th, 2006.

RESPECTFULLY SUBMITTED. In San Juan, Puerto Rico this 15th day of October, 2006.

**I HEREBY CERTIFY:** That a true and exact copy of this motion was sent by mail to plaintiffs, Wilfredo de Jesus Rivera & Sonia M. Hernandez Melendez, PO Box 9196 Bayamon, P.R. 00960; attorney for plaintiffs, Roberto Pérez Obregón, PO Box 9497, Bayamon, PR 00960-8041.

                                  **SEGARRA MIRANDA & ASSOCIATES**
                                  P.O. BOX 9023385
                                  SAN JUAN, P.R. 00902-3385
                                  TEL. 787-725-6160
                                  FAX: 787-977-2288

                                  /s/NOEMI LANDRAU RIVERA
                                  USDC 215510