IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 00-00801 GAC |
| WILFREDO DE JESUS RIVERA<br>SONIA M. HERNANDEZ MELENDEZ | CHAPTER 13 |
| DEBTORS | |
| WILFREDO DE JESUS RIVERA<br>SONIA M. HERNANDEZ MELENDEZ | ADV. PROC. NO. 04-00165 |
| PLAINTIFFS | |
| VS. | |
| GE CAPITAL CORPORATION OF PR | |
| DEFENDANT | |

**REQUEST FOR RECONSIDERATION OF DECISION AND ORDER &
FOR ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW
PURSUANT TO F.R.C.P. 52 AND 59(e)**

TO THE HONORABLE COURT:

COMES NOW, General Electric Capital Corporation of Puerto Rico (GEC), represented by the undersigned attorneys and before this Honorable Court most respectfully state and pray:

1. On June 9th, 2006 this Court held an evidentiary hearing on the damages alleged by Plaintiffs Wilfredo de Jesús Rivera and Sonia M. Hernandez Melendez against defendant, General Electric Capital Corporation of Puerto Rico (GEC). At the hearing, GEC entered a standing objection as to the economic damages and the emotional damages plead by Plaintiff. See Transcript of Proceedings at Docket no. 46 Page 17 lines 5 to 22 and Page 18 lines 14 to 18. The Court ruled that it would "allow the evidence to come in" and that it would then decide as to defendant's request

1

to strike pleadings and the objection to the presentation of evidence included in plaintiff's request to supplement pleadings. See Transcript Page 21 lines 17 thru 25. After the trial the Court ordered parties to file a memorandum of law as to the issues set forth in the trial and the objections raised by defendants. Page 129 lines 12 thru 22. Memorandums were filed by each party as per docket entry no. 50, 55 and 60.

2. On November 20th, 2007 this Court entered decision and order granting plaintiffs $25,000.00 for economic loss; $8,000.00 to plaintiff De Jesus Rivera and $5,000.00 to plaintiff Hernandez Melendez for emotional damages and $15,000.00 in punitive damages plus attorney's fees and costs. Docket no. 61. In awarding damages for economic loss the Court made the following findings of fact:

    a)    That debtor could not use the truck because the Public Service Commision did not give him authorization due to GEC's lien;

    b)    That he could not sell the truck because the title of the truck had GEC's lien;

    c)    That he had a potential buyer that was willing to pay $70,000.00 in the year 2004;

    d)    That the truck had depreciated and was worth $45,000.00 pursuant to debtor's belief;

    e)    That he could not use the truck as a trade-in;

    f)    That de Jesús wanted to use the remainder of the sale's price for home improvements and his children's education (age of children 34, 24 and 21; see Transcript page 27 lines 23 thru 25)

None of the aforementioned facts were plead by Plaintiffs in the complaint as economic damages. No conclusions of law were set forth in the decision and order to support of the $25,000.00 awarded as economic damages.

3. On June 7th, 2006, two days before the trial, Plaintiffs filed a motion requesting leave to file supplemental pleadings in order to include allegations as to the value and depreciation of the truck. See Transcript at page 11 lines 6 thru 24. Said request was opposed by Defendant in motion filed on June 8th, 2007. On the day of the trial this Honorable Court denied the supplemental pleadings as tardy and stated that it would have the effect of opening discovery as to the issue of the value and depreciation. See Transcript at page 12 lines 12 thru 22.

4. Despite GEC's standing objection the Court allowed Plaintiff, Wilfredo de Jesús Rivera to testify as to an alleged third party who was willing to purchase the truck and the alleged value of the equipment at the time of the hearing. In its opinion and order the Court concluded that the truck was worth $70,000.00 in 2004 based solely on debtor's testimony. However Mr. De Jesús Rivera's testimony in cross examination confirmed that that:

- a) Debtor could not remember the last name of the buyer. Transcript at Page 76 lines 12-13.
- b) There never existed a written contract for the purchase of the truck, nor had details of the transaction been exchanged with the alleged buyer. Transcript at Page 79 lines 2-8.
- c) Plaintiff and "buyer" never went to GEC in order to inform a transfer or try and inform a transfer. Transcript at Page 79 lines 16-21
- d) The 1997 Peterbuilt truck could be used in 2004 and 2005 even after Plaintiff's discharge, despite GEC's lien, just as it had been used during the years 2000 and 2001 when GEC's lien was valid. Page 71 lines 1 thru 3; Page 72 lines 23 thru 25; and Page 73 lines 1 and 2.

Plaintiff did not set forth evidence of a bonafide purchaser. Moreover debtor did not provide evidence of the value or depreciation of the truck. The value of the truck and its depreciation would have had to be alleged in the complaint in order to allow for proper discovery, including the benefit of expert witnesses, as determined by the Court in denying Plaintiff's request to supplement the pleadings.

 5. The basic issue of fact proffered by plaintiffs in their complaint as to economic loss was that they could not acquire a new truck as required by their contractor, in order to continue to produce income. See paragraphs paragraph 11 and 12 of the complaint. These allegations were demonstrated to be false at trial as plaintiff's testimony confirmed that eleven (11) days prior to the filing of the instant adversary proceeding he purchased a 2005 Kenworth Truck serial number 1XK0DU0X75J079729 with license plate number RP9021 registered it in the name of Plaintiff-debtor, Wilfredo de Jesús Rivera. Mr. De Jesús also admitted that he had the opportunity to discuss the contents of the complaint with his attorney prior its filing, and that he was given the complaint so that he could read it. Despite this knowledge plaintiffs never amended the complaint or pretrial to include economic loss for alleged depreciation or disclose said information to defendants. Debtor's testimony at trial denied defendant or this Court with the benefit of confirming or corroborating the alleged value and depreciation of the truck thru discovery and the opinion of an expert witness.

 6. On August 15th, 2007, Defendant filed a request to strike the pleadings as to economic loss due to the fact that the allegations contained in the complaint were false and constituted "sham pleadings" which also merited the imposition of sanctions. Both sham and frivolous pleadings can be stricken by the court, or disregarded without entry of an order to strike them. <u>Kennedy v.</u>

Creswell, 84 A.L.R. 1420 (1932). This Honorable Court has not ruled upon said motion. Docket no. 50.

    7. Federal Rule of Civil Procedure 52 allows this Court to amend its findings of fact or make additional findings, and amend the judgment accordingly. Rule 59(e) of the Federal Rules of Civil Procedure also grants this Court with the power to alter or amend a judgment: to incorporate an intervening change in law; to reflect new evidence not available at the time of trial; to correct a clear legal error; and to prevent a manifest injustice. In exercising its discretion the Court must balance two competing interests: the need to bring litigation to a close and the need to render just rulings based on all the facts. Templet v. HydroChem Inc., 367 P.3d 473, (5th Cir. 2004).

    8. The federal courts have been consistent in finding that pursuant to Federal Rule of Civil Procedure 9(g) special damages must be specifically stated in the complaint. To be entitled to special damages Plaintiff must allege special damages with particularity and "specify facts showing that such special damages were a natural and direct result of defendant's conduct". Browning v. Clinton, 292 F.3d 235, C.A.D.C. 2002; Linc Finance Corp. V. Onwuteaka, 129 F.3d 917, C.A.7, 1997.

    9. Damages for economic loss are special damages which must be specifically stated and should allege facts which predicate recovery in the complaint. In the absence of said allegations the Court may not award special damages for economic loss. Forrest v. Unifund Financial Group, Inc., 2005 WL 1087490 (S.D.N.Y.) citing PdP Parfums de Paris S.A. v. Int'l Designer Fragrances, Inc., 901 F. Supp. 581 (E.D.N.Y 1995). The definition of special damages is also a matter of substantive law which is defined by local state law. In Cintrón Adorno v. Gómez, 147 D.P.R. 576 (1999) the Supreme Court of Puerto Rico stated that economic damages where also special damages.

5

10. The award granted by this Court to Plaintiffs for economic loss is an award for specific damages based on facts which were not alleged in the complaint, nor were these facts the object of discovery or plaintiffs' pretrial. Said award would amount to a failure of justice as defendant went to trial facing facts not alleged in the complaint. Moreover the evidence at trial demonstrated that the economic loss which was alleged in the complaint was false. Defendant had no way of rebutting said evidence at trial with an expert witness or other discovery as it did not constitute part of the allegations in the instant adversary proceeding.

10. Defendant hereby respectfully requests that this Court enter additional findings of fact as to the following:

a) The economic damages or economic loss alleged by Plaintiffs in the complaint is found at Paragraphs 11, 12 and 13, based on the proffer that their principal contractor, Cooperativa de Transporte de Carga, required "that its drivers operate vehicles no more than seven years old." They also alleged that they were not able to purchase a new vehicle in order to comply with their contractor's requirements.

b) Plaintiff's testimony confirmed that he had purchased a new 2005 Kenworth Truck, 11 days prior to filing the complaint.

c) Plaintiffs' supplemental pleading to allege the value and the depreciation of the vehicle 1997 Peterbuilt truck were denied by the Court.

d) Plaintiffs' complaint did not allege special damages as to economic loss for the depreciation of the vehicle, nor was the value of the equipment alleged in the complaint.

e) No opportunity for discovery or analysis by an expert witness was granted to defendant to corroborate the value and depreciation of the truck due to Plaintiffs' failure to set forth said

allegation in the complaint.

f) Plaintiff's testimony as to the value and depreciation of the truck was objected by defendant and no evidence was presented to corroborate said testimony. At trial Plaintiff, Wilfredo de Jesús, testified that:

1. Debtor could not remember the last name of the buyer. Transcript at Page 76 lines 12-13.

2. There never existed a written contract for the purchase of the truck, nor had details of the transaction been exchanged with the alleged buyer. Transcript at Page 79 lines 2-8.

3. Plaintiff and "buyer" never went to GEC in order to inform a transfer or try and inform a transfer. Transcript at Page 79 lines 16-21

4. The 1997 Peterbuilt truck could be used in 2004 and 2005 even after Plaintiff's discharge just as it had been used during the years 2000 and 2001 when GEC's lien was on it. Page 71 lines 1 thru 3; Page 72 lines 23 thru 25; and Page 73 lines 1 and 2.

g) Defendant requested that allegations for economic loss in the complaint be stricken from the record.

11. It is also requested that this Court enter additional conclusions of law as to Plaintiffs' failure to allege value and depreciation of the truck in the complaint and that these are economic damages which had to be specifically stated in the complaint and therefore this Court cannot grant economic damages which were not alleged in the complaint. A ruling is also requested on Defendant's request for sanctions based on sham or false pleadings as requested in docket nos. 44 and 50 of the adversary proceeding.

12. Pursuant to Rule 52 and 59(e) of the Federal Rules of Civil Procedure its respectfully requested that this Court reconsider and amend its award for economic loss in favor of Plaintiffs in the amount of $25,000.00 due to plaintiffs failure to specifically allege special damages in the complaint as to the value and depreciation of the truck.

7

WHEREFORE, it is respectfully requested from this Honorable Court that it grant this motion and enter additional findings of fact and conclusions of law as requested and enter an order reconsidering its decision entered on November 20th, 2007 and deny Plaintiffs' special damages for economic loss in the amount of $25,000.00.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 6th day of December 2007.

**I HEREBY CERTIFY:** That a true and exact copy of this motion was sent by mail to plaintiffs, Wilfredo de Jesus Rivera & Sonia M. Hernandez Melendez, PO Box 9196 Bayamon, P.R. 00960; attorney for plaintiffs, Roberto Pérez Obregón, PO Box 9497, Bayamon, PR 00960-8041.

**SEGARRA MIRANDA & ASSOCIATES**
P.O. BOX 9023385
SAN JUAN, P.R. 00902-3385
TEL. 787-725-6160
FAX: 787-977-2288

/s/NOEMI LANDRAU RIVERA
USDC 215510