IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>WILFREDO DE JESUS RIVERA<br>SONIA M. HERNANDEZ MELENDEZ<br><br>DEBTOR'S | CASE NO. 00-00801 GAC<br><br><br>CHAPTER 13 |
| WILFREDO DE JESUS RIVERA<br>SONIA M. HERNANDEZ MELENDEZ<br><br>PLAINTIFFS<br><br>VS.<br><br>GENERALE ELECTRIC CORP OF<br>PR<br><br>DEFENDANT | ADV. NO. 04-00165 |

OPPOSITION TO STATEMENT OF FEES AND COSTS
FILED AT DOCKET NO.64

TO THE HONORABLE COURT:

COMES NOW, defendant **GENERAL ELECTRIC CAPITAL CORPORATION OF PUERTO RICO (G.E.C.),** through its under signed counsel respectfully states and prays as follows:

1. On November 20th, 2007 this Honorable Court entered decision and order in which it granted plaintiffs 20 days to submit an itemized statement of fees and costs. See adv. docket no. 61.

2. On December 17th, 2007 plaintiffs presented Motion Submitting Itemized statement of Fees and Cost totaling $25,125.00. (See docket no. 64).

3. Defendant opposes statement of fees and costs submitted by Plaintiffs' attorney as it is untimely, excessive and against Bankruptcy Rule 7054 (d). Fees and cost are also not in accordance to Statement Pursuant to Rule 2016 (b) presented by the attorney in chapter 13 voluntary petition which also provides for legal representation in adversary proceedings.(See statement at Docket no.1 in case 00-00801 GAC).

4. Rule 7054 governs attorney fees and costs. At paragraph (d) part (2) section (b) it states:

> (B) Unless otherwise provided by statute or order of the court, the motion *must* be filed and served no later than 14 days after entry of judgment; [...] and *must* state the amount or provide a *fair estimate* of the amount sought. If directed by court , the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made."
>
> (Emphasis supplied)

Court order in the instant case granted 20 days for Plaintiffs to file the itemized statement. Pursuant to Federal Rule of Civil Procedure 6(a) the time to file the itemized statement was due on December 10th, 2007. Statement submitted by plaintiffs' attorney is untimely as it was filed 27 days after the entry of the decision and judgment.

5. The Motion Submitting Itemized Statement of Fees and Costs in Compliance with Court Order does not include information regarding any agreement for payment between Plaintiffs and their attorney. An application for employment of professional pursuant to 11 USC 327 was not filed and Statement Pursuant to Rule 2016 was never amended to disclose compensation to attorney in adversary proceedings. Statement of fees and cost only states that the hour rate is $250.00 because Roberto Perez Obregon has been practicing bankruptcy law since February 1985 and is board certified as of February 1995, without properly justifying the basis of said arrangement for payment of fees. (see motion and itemized statement of cost and fees, docket no. 64)

6. In the chapter 13 case # 00-00801 GAC, attorney stated, pursuant to rule 2016 of Bankruptcy procedure that: ...compensation paid or promised by debtor (s), to the undersigned is as a follows: a) for legal service rendered, or to be rendered in contemplation of and in connection with this case...$1,100.00(See statement, Docket no.1 in case 00-00801 GAC). An adversary proceeding in the chapter 13 case is indeed service rendered in contemplation and connection with bankruptcy case, thus included in the $1,100.00 agreement stated by attorney pursuant rule 2016 (b)of Bankruptcy procedure.

3

7. The amount of $25,125.00 for fees and costs is excessive as it represents 47% of the total amount for which GE was found liable in the case[1]. Although there is no evidence on any amount agreed by debtor for attorney fees in this case, it is the customary in the practice of law to agree to a compensation of 33% of the total amount received by plaintiffs as attorney fees.

8. Moreover, amounts claimed by attorney for plaintiffs in the instant case include the drafting and defense of false allegations included at paragraphs 11 and 12 of the complaint in which plaintiffs allege that they were "economically precluded" from obtaining a new truck due to defendant's actions, when in fact it was demonstrated at trial that Plaintiff, Wilfredo de Jesús Rivera had bought a new 2005 Kenworth Truck serial number 1XK0DU0X75J079729 with license plate number RP9021 registered at the Department of Public Transportation in the name of Plaintiff-debtor, Wilfredo de Jesús Rivera, 11 days prior to filing the complaint. The time invested by Plaintiffs' attorney in the drafting and defense of said false allegations cannot be imposed upon defendants.

[1]

GEC filed a timely motion for reconsideration of decision and order and for additional findings of fact and conclusions of law requesting the reconsideration of the amount imposed as economic loss in the amount of $25,000.00 as economic damages are special damages.  Special damages alleged in the complaint are false as debtor did purchase a new truck and the depreciation of the truck object of the complaint was not specifically alleged by plaintiffs in the complaint.  See docket no. 63.

4

9.    It is hereby requested that in view of the aforementioned attorney's fees be denied as requested in the itemized statement untimely presented by plaintiff and that attorney's fees be paid by plaintiffs pursuant to the private agreement made with their attorney.

**WHEREFORE,** it is respectfully prayed this Honorable Court deny statement of fees and costs as requested by Plaintiffs.

RESPECTFULLY SUBMITTED.  In San Juan, Puerto Rico, this 24 day of January 2008.

**I HEREBY CERTIFY:**  That a true and exact copy of this motion was sent to attorney for plaintiffs, Roberto Perez Obregon, PO Box 9497, Bayamón, PR 00960.

**SEGARRA MIRANDA & ASSOC.**
P.O. BOX 9023385
SAN JUAN, PR 00902-3884
TEL (787 725-6160
FAX (787)977-2288

/S/ NOEMI LANDRAU RIVERA
USDC 215510