IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 00-00801 GAC |
| WILFREDO DE JESUS RIVERA<br>SONIA M. HERNANDEZ MELENDEZ | CHAPTER 13 |
| DEBTORS | |
| WILFREDO DE JESUS RIVERA<br>SONIA M. HERNANDEZ MELENDEZ | ADV. PROC. NO. 04-00165 |
| PLAINTIFFS | |
| VS. | |
| GE CAPITAL CORPORATION OF PR | |
| DEFENDANT | |

**REPLY TO PLAINTIFF'S SUR-REPLY TO OPPOSITION TO STATEMENT OF FEES AND COSTS**

TO THE HONORABLE COURT:

COMES NOW, General Electric Capital Corporation of Puerto Rico (G.E.C.C.), represented by the undersigned attorney and before this Honorable Court most respectfully states and prays:

1. On December 17th, 2007 Plaintiffs filed a statement of fees and costs for the total amount of $25,125.00. Docket No. 64.

2. G.E.C.C. filed its opposition to the statement of fees and costs at docket number 66, appearing creditor based its opposition on the fact that such statement of fees and costs was untimely filed and also in direct violation of Rules 2016 and 7054 if the Federal Rules of Bankruptcy Procedure.

3. Plaintiffs have filed a Sur-reply to G.E.C.C. opposition to the statement of costs and

1

fees at docket number 69 and in support thereof state that the amount of $25,125.00 would be warranted based on the following: (1) hourly rate stated is reasonable taking into account twenty-two years of experience practicing bankruptcy; (2) the attorney has been board certified since 1995; (3) allegation that the litigation process was never delayed by Plaintiffs; and (4) allegation that the litigation took three years to resolve.

4. Appearing party hereby submits that Plaintiffs fail to address the fact that fees and costs in the above captioned proceeding are governed by Rules 7054 and 2016 of the Federal Rules of Bankruptcy Procedure.

5. Rule 7054 governs attorney fees and costs. At paragraph (d) part (2) section (b) it states:

> (B)Unless otherwise provided by statute or order of the court, the motion *must* be filed and served no later than 14 days after entry of judgment; [...] and *must* state the amount or provide a *fair estimate* of the amount sought. If directed by court , the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made." (Emphasis supplied)

6. The the statement of fees and costs filed by Plaintiffs does not include information regarding any agreement for payment between Plaintiffs and their attorney. Furthermore, an application for employment of professional pursuant to section 327 of the Code, 11 U.S.C. 327, was not filed and statement pursuant to FRBP 2016 was never amended to disclose compensation to attorney in adversary proceedings.

7. Moreover, in the chapter 13 case # 00-00801 GAC, attorney stated, pursuant to rule 2016 of Bankruptcy procedure that: ...compensation paid or promised by debtor (s), to the

2

undersigned is as a follows: a) for legal service rendered, or to be rendered in contemplation of and in connection with this case...$1,100.00 (See **Exhibit A**). An adversary proceeding in the chapter 13 case is indeed service rendered in contemplation and connection with bankruptcy case, thus included in the $1,100.00 agreement stated by attorney pursuant rule 2016 (b)of Bankruptcy procedure.

8. Finally, amounts claimed by attorney for plaintiffs in the instant case include the drafting and defense of false allegations included at paragraphs 11 and 12 of the complaint in which plaintiffs allege that they were "economically precluded" from obtaining a new truck due to defendant's actions, when in fact it was demonstrated at trial that Plaintiff, Wilfredo de Jesús Rivera had bought a new 2005 Kenworth Truck serial number 1XK0DU0X75J079729 with license plate number RP9021 registered at the Department of Public Transportation in the name of Plaintiff-debtor, Wilfredo de Jesús Rivera, 11 days prior to filing the complaint. This the record so shows. The time invested by Plaintiffs' attorney in the drafting and defense of said false allegations cannot be imposed upon defendants.

9. From the discussion above, it becomes clear that statement of fees and costs in the amount of $25,125.00 is unwarranted due to the clear disposition of applicable rules and equitable considerations in the present case.

**WHEREFORE**, it is respectfully requested from this Honorable Court that it DENY Plaintiffs' statement of fees and costs as requested by Plaintiffs, together with any further relief the Court finds appearing party is entitled and just.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 11th day of March, 2008.

**I HEREBY CERTIFY:** That a true and exact copy of this motion was sent by mail to plaintiffs, Wilfredo de Jesus Rivera & Sonia M. Hernandez Melendez, PO Box 9196 Bayamon, P.R. 00960; attorney for plaintiffs, Roberto Pérez Obregón. PO Box 9497, Bayamon, PR 00960-8041.

SEGARRA MIRANDA & ASSOCIATES
P.O. BOX 9023385
SAN JUAN, P.R. 00902-3385
TEL. 787-725-6160
FAX: 787-977-2288

/s/NOEMI LANDRAU RIVERA
USDC 215510

EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# FOR THE PUERTO RICO DISTRICT OF PUERTO RICO

In re  **WILFREDO DE JESUS RIVERA**  
and  
**SONIA M HERNANDEZ MELENDEZ**  
_____ / Debtors

Case No.  
Chapter *13*

Attorney for Debtor: Roberto Perez Obregon

### STATEMENT Pursuant to Rule 2016(b)

The undersigned, pursuant to Rule 2016(b), Rules of Bankruptcy Procedure, states that:
1. The undersigned is the attorney for the debtor(s) in this case.
2. The compensation paid or promised by the Debtor(s), to the undersigned, is as follows:
   a) For legal services rendered, or to be rendered in contemplation of and in connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1,100.00
   b) Prior to the filing of this Statement, Debtor(s) has paid. . . . . . . . .         0.00
   c) Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     1,100.00
3. The Filing Fee *has been paid*.
4. The Services rendered or to be rendered include the following:
   a) Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under Title 11, U.S.C.
   b) Preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.
   c) Representation of the debtor(s) at the first meeting of creditors.

5. The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and
   *none other.*

6. The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and *none other.*

7. The undersigned has received no transfer, assignment or pledge of property except the following for the value stated:
   *None.*

8. The undersigned has not shared or agreed to share with any other entity, other than with members of the undersigned's law firm, any compensation paid or to be paid except as follows: *None.*

Dated: *January 27, 2000*

Respectfully submitted,

Attorney for Petitioner: *Roberto Perez Obregon*  
*PO BOX 9497*  
*BAYAMON PR  00960 8041*