```
                  IN THE UNITED STATES BANKRUPTCY COURT
                     FOR THE DISTRICT OF PUERTO RICO

In re:                              :
                                    :
WILFREDO DE JESUS RIVERA            :    Case No. 00-00801(GAC)
SONIA M. HERNANDEZ MELENDEZ,        :
                                    :
        Debtors                     :    Chapter 13
_____:
                                    :
WILFREDO DE JESUS RIVERA            :
SONIA M. HERNANDEZ MELENDEZ,        :
                                    :
        Plaintiffs                  :
                                    :
        v.                          :    Adv. No. 04-00165
                                    :
GENERAL ELECTRIC CAPITAL CORP.      :
OF Puerto Rico,                     :
                                    :
        Defendant                   :
_____:
```

**DECISION AND ORDER**

I.   Factual Background

The issue pending before this court is whether to reconsider a decision and order previously issued by the Court. In a Decision and Order dated November 20, 2007, the Court concluded that General Electric Corp. ("GEC") was liable to the debtors for economic loss in the amount of $25,000.00 (docket #61). On December 6, 2007, GEC filed a motion for reconsideration and for additional findings of fact and conclusions of law pursuant to Federal Rules of Civil Procedure 52 and 59(5), made applicable in bankruptcy, by Federal Rules of Bankruptcy Procedure 7052 and 9023 (docket #63).

In its motion, GEC requests that the Court eliminates the

1

amount of $25,000.000 awarded to the debtors for their economic loss. GEC makes various arguments in support of its position, including: (1) that economic loss was not specifically plead in the complaint; (2) that the debtors filed a motion to amend the pleadings (Docket #41), which was denied by the Court and thus, no damages could be presented at the hearing regarding their economic loss; (3) that the facts that the Court used to determine the amount awarded were not specifically plead in the complaint; (4) that GEC was given no opportunity for discovery or analysis to corroborate the value and depreciation of the truck; and (5) that debtors' testimony confirmed that they had purchased a new truck eleven days prior to the filing of the adversary complaint and thus, it had to be stricken from the complaint that the debtors were precluded from buying another truck because of GEC's lien.

On December 17, 2007, the debtors filed an opposition to GEC's motion for reconsideration (docket #65), arguing that the motion for reconsideration was untimely because it was not filed within the ten days permitted by Federal Rule of Civil Procedure 59 and Federal Rule of Bankruptcy Procedure 8002. The parties filed sur-replies without leave of the Court (dockets #67, #68 and #70).

II. <u>Procedural History</u>

On July 13, 2004, the debtors filed the present adversary proceeding, seeking damages for violation of the automatic stay and violation of the discharge injunction (docket #1). The debtors also sought transfer of title to the vehicle in which GEC had a security interest. The debtors alleged that since the discharge, they

2

approached GEC on several occasions to have title to the vehicle transferred to the debtors and GEC refused. The debtors also stated that GEC retained a check destined to the debtors for vehicle repairs. The debtors requested damages based on these acts.

GEC filed a motion to dismiss and for summary judgment (docket #15). A hearing was held on March 8, 2005, where the Court ordered the debtors to reply to GEC's motion for summary judgment, and fixed the discovery deadline for April, 29, 2005 (docket #16). The debtors filed a reply to GEC's request for summary judgment (Docket #17). The Court scheduled the pretrial hearing for August 2, 2005 (docket #22). The debtors filed a pretrial brief on July 31, 2005 (docket #26). GEC never filed its part of the pretrial brief.

On February 24, 2006, the Court entered a Decision and Order granting the debtor's motion requesting partial summary judgment because it concluded that GEC violated the discharged injunction by trying to collect interest on the debt, which was paid in full, pursuant to the confirmed plan and the stipulation. The Court scheduled an evidentiary hearing for June 9, 2006, to determine the damages suffered by debtors(docket #31).

Thereafter, GEC filed a subpoena for debtors to attend a deposition (docket #34) and the debtors replied with a motion to dismiss the subpoena (docket #35). The Court granted the debtors' motion because the discovery deadline was set for April, 29, 2005 (docket #37). Then, the debtors filed a motion requesting permission to file supplemental pleadings (docket #41) and the Court entered an order scheduling the matter to be heard the same

day of the evidentiary hearing (docket #42). GEC filed an opposition to debtors motion to file supplemental pleading (docket #43) and also filed a motion to strike and eliminate allegations from the complaint and for sanctions (docket #44). Finally, on June 9, 2006, the Court held the evidentiary hearing (Transcript at dockets #46 and #54).

At the evidentiary hearing, the parties presented the testimony of De Jesus, Hernandez and the psychiatrist, Dr. Katherine Sanz ("Dr. Sanz"), for the plaintiffs. No witnesses were presented for the defendant. The parties introduced two exhibits each. After the evidence was presented and the documentary evidence admitted, the Court requested memorandums of law and the matter was taken under advisement. On August 15, 2006, GEC filed the memorandum of law (dockets #50 and #60) and on October 5, 2006, the debtors filed their memorandum of law (docket #55).

III. <u>Evidence and arguments presented by the parties at the Evidentiary Hearing</u>

    A. <u>Debtors</u>

At the hearing, the debtors argued that Federal Rule of Bankruptcy Procedure 7015 permits a party to serve a supplemental pleading setting forth transactions or occurrences that have transpired since the date of the initial complaint. They contended that when they filed the complaint, the depreciation of the truck from the time that the complaint was filed until the evidentiary hearing had not yet occurred. Thus, they wanted to supplement their complaint in order to present evidence as to the value of the truck

4

and the depreciation. Regarding discovery, the debtors argued that they objected to the subpoena because it was filed after the discovery deadline had passed and that they never answered the interrogatories because they forgot and because GEC never requested them. Finally, they argued that GEC wanted to start discovery after the bar date for discovery set by the Court.

The debtors introduced two exhibits: the certificate of title of the Peterbuilt truck (Exhibit 1) and a check in the amount of $1,166.00, paid to the order of De Jesus and GEC (Exhibit 2). De Jesus testified that he has been a trucker for forty years (Transcript page 28, line 11), that he is a partner of the Cooperativa de Camioneros (Transcript page 37 line 16) and that he is the owner of two trucks, the Peterbuilt 1997 and a Kensworth 2005, purchased in 2004 (Transcript page 43 line 15).

As to the debtors' economic loss, De Jesus testified that he went to GEC's office four times to have the title transferred to him free of the lien (Transcript page 49 line 8). He also testified that he could not use the truck because the Public Service Commission did not give him the authorization due to GEC's lien (Transcript page 46 line 25 and page 74 line 1-3); that he could not sell the truck because the title to the truck had GEC's lien (Transcript page 86 line 25 and page 87 line 1); that he had a potential buyer that was willing to pay $70,000.00 in the year 2004 (Transcript page 53 line 24 and page 82 line 25), but that the truck has depreciated and he believed the same to be worth $45,000.00 at the time of filing (Transcript page 61 lines 13-14).

5

De Jesus also testified that he could not use the truck as a trade-in and that he wanted to use the remainder of the sale's price for home improvements and his children's education (Transcript page 54, lines 2-12).

B. GEC

At the hearing, GEC argued that it did conduct discovery. GEC argued that two days before the evidentiary hearing they visited a website called "DESCO TECH" (page 5 lines 19-20), and realized that one of the allegations of the complaint was completely false because the debtors had acquired a new truck before the adversary proceeding was filed and thus, they were not economically precluded from buying a new truck, as they stated in the complaint. GEC asserts that it filed a subpoena for the debtor to go a deposition but, the debtors did not attended. GEC also served the debtors with interrogatories, which were never answered. Finally, GEC asserts that it requested a meeting to discuss the damages allegedly suffered by the debtors to settle the case but, the debtors never agreed to it.

GEC introduced two exhibits: a list of cars in debtors' name (Exhibit A) and debtors' "Schedule B" (Exhibit B). GEC argued at the hearing that De Jesus bought a new truck ten days before filing the present adversary proceeding. Therefore it contends, that the debtors' allegations regarding economic preclusion as to buying a new truck are false and should be stricken from the complaint. GEC contends that the debtors could have sold the truck and paid

6

$3,800.00 to GEC to cancel the lien and then, file the adversary proceeding to recover the money.

IV. Discussion

There are two matters pending before the Court. The first is whether GEC's motion for reconsideration is untimely. The second issue is whether the debtors were erroneously awarded $25,000.00 for their economic loss.

GEC seeks to alter or amend the judgment pursuant to Federal Rule of Bankruptcy Procedure 9023, which makes Federal Rule of Civil Procedure 59 applicable. This Rule states that "[a]ny motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). The Decision and Order was entered on November 21, 2007 (docket #61), GEC's motion for reconsideration was filed on December 12, 2007 (docket #63). Thus, GEC's motion to alter or amend judgment was clearly timely. Thus, the debtors' opposition to GEC's motion for reconsideration, on the basis that it was untimely, is denied (docket #65).

In seeking reconsideration under Federal Rule of Civil Procedure 59(e), "the moving party must 'either clearly establish a manifest error of law or must present newly discovered evidence.'" Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n. 2 (1st Cir. 2005)(*quoting* Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n. 2 (1st Cir. 2004)). In Marie, the First Circuit noted four grounds for granting a motion for reconsideration under Federal Rule of Civil Procedure 59(e). These

7

are "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie v. Allied Home Mortgage Corp., 402 F.3d at 7 n. 2 (citing 11 C. Wright et al., *Federal Practice & Procedure* § 2810.1 (2d ed.1995)).

The first issue is wether the debtors were precluded from presenting evidence regarding damages because they were not plead in the complaint. As per Federal Rule of Bankruptcy Procedure 7008, when a claim for relief is made, it shall contain: (1) the basis for jurisdiction, (2) "a short and plain statement of the claim showing that the pleader is entitled to relief" and (3) a demand for judgment for the relief the plaintiff seeks. Fed. R. Bankr. P. 7008(a). If, on the other hand, the debtors were asking for special damages, then as per Federal Rule of Bankruptcy Procedure 7009, the debtors should have plead them specifically.

This argument was already discussed by the Court in the previous Decision and Order (docket #61). The Court stated that "economic loss is one of the special damages that was specifically plead in the complaint" (docket #61). A simple reading of the complaint in Docket #1, ¶ 12, indicates that the debtors specifically stated that they could not use the truck for trade-in value. Thus, the Court again concludes that the debtors did specifically claim economic loss due to GEC's lien on their truck. GEC's request to strike from the record the evidence presented by the debtors regarding economic loss will be denied.

8

Gec also argues that the debtors could not present evidence regarding their economic loss at the evidentiary hearing because they filed a motion to amend the pleadings, which was denied by the Court. Before any evidence was presented at the evidentiary hearing, the parties had the opportunity to discuss their respective positions regarding the motion to amend the pleadings filed by the debtors. The debtors argued that they wanted to amend the complaint to include the allegation of the truck's value at that time compared to its present value, because the truck depreciated in the two years after the complaint was filed.

The Court denied the debtors' motion because it was filed too late and because there was no good reason to admit it at that stage of the proceedings, without going into discovery. Yet, the Court further held, that the trial was going to continue because the debtors did not need a supplemental pleading to allege the depreciation value or the damages that occurred during that time. It stated that the complaint was broad enough to include that type of damages and thus, the debtors could present the evidence.

The Court concludes that the debtors specifically claimed economic loss due to GEC's lien on their truck because it was specifically plead in the complaint. Thus, the debtors could present evidence as to their economic loss and the Court will deny GEC's request to reconsider on this basis.

GEC argues that the facts used by the Court to determine the amount awarded were not specifically plead in the complaint.

9

However, the Court concludes that the complaint does not have to include evidence to support the amount of damages. The purpose of a hearing on damages is for the Court to be able to determine the value of the damages suffered, supported by the evidence presented by the parties. Federal Rule of Evidence 701, titled Opinion Testimony by Lay Witness, supports the admission of lay testimony if the witness is not testifying as an expert. It provides:

> The witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are: (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

This rule does not address the weight given to evidence. At the evidentiary hearing, Mr. De Jesus testified, as a lay witness, that he had been in the trucking industry for over forty years. He testified that he had a potential buyer that was willing to pay $70,000.00 in the year 2004 (Transcript page 53 line 24 and page 82 line 25), but that the truck had depreciated and he believed that it was worth $45,000.00 at the time of the hearing (Transcript page 61 lines 13-14). The defendants did not rebut any of the evidence presented by the debtors. No witnesses testified nor were documents presented that contradicted any of the allegations set forth by the debtors regarding the value of the

10

truck or its depreciation.

The Court gave credibility to the debtors' testimony and concludes that the values used by the Court to determine the amount awarded to the debtors was supported by the evidence presented at the evidentiary hearing. Thus, the Court will not reconsider the amount awarded.

GEC asserts that it had no opportunity for discovery nor the opportunity to analyze the value of the debtors's truck to determine depreciation. At the evidentiary hearing, GEC argued that it filed a subpoena for the debtors to attend a deposition but, the debtors did not appear. GEC also served interrogatories, which the debtors failed to answer. GEC also requested a meeting with the debtors to attempt to settle the case but, the debtors would not agree to it. On the other hand, the debtors argue that they never answered the interrogatories because they forgot and because GEC never reminded them, and that they objected to the subpoena because they argued that GEC wanted to start discovery after the bar date set by the Court for discovery.

If the debtors failed to comply with discovery, GEC had tools available to it, to seek the debtors compliance. Federal Rule of Bankruptcy Procedure 7037, titled "Failure to Make Disclosures or to Cooperate in Discovery: Sanction," was available to GEC to have the debtors comply with the discovery or to seek sanctions from the Court and to obtain an order for the debtors to comply but,

11

they failed to use it. GEC failed to raise the issue prior to seeking reconsideration of the Court's order assessing damages.

In the present case, both parties had the opportunity to conduct discovery and both were qualified to testify as to the truck's value and the truck's depreciation, as of the date the petition was filed, and as to the present value. The debtors were qualified because they purchased the truck and have been in the trucking industry for forty years and GEC because it sold the truck to the debtors, and it is in the business of selling trucks and leasing them.

At the evidentiary hearing, the debtors offered testimony as to the value of the truck and as to the depreciation. No rebuttal evidence was presented by GEC and no witnesses offered their testimony. Thus, the Court concludes that GEC did have the opportunity for discovery, and that it did have an opportunity to bring a witness to rebut although it did not present any. Thus, the Court will also deny the reconsideration based on this argument.

The debtors' testimony confirmed that he had purchased a new truck eleven days prior to the filing of the adversary complaint. Thus, GEC argues that the debtors were not precluded from buying another truck because of GEC's lien. This argument was already discussed in the Decision and Order (Docket #61). The Court concluded that the debtors suffered economic loss due to GEC's refusal to eliminate the lien from the title of the truck. The

12

Court also concluded that the debtors mitigated the damages by buying another truck so De Jesus could go back to work.

IV. CONCLUSION

The First Circuit Court in Marie, *supra,* noted four grounds for granting a motion for reconsideration under Federal Rule of Civil Procedure 59(e). These are "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n. 2 (1st Cir. 2005)(*quoting* Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n. 2 (1st Cir. 2004)). The Court concludes that GEC has failed to prove a manifest error of law or fact, nor contended that the other grounds apply. The Court concludes that the debtors proved that they suffered economic loss in the amount of $25,000.00, as calculated by the Court in its previous Decision and Order. Thus, the Court will not reconsider its previous Decision and Order.

ORDER

WHEREFORE it is ORDERED that the Motion for reconsideration filed by GEC shall be, and it hereby is, DENIED.

SO ORDERED.

San Juan, Puerto Rico, this 11th day of February 2009.

/s Gerardo A. Carlo-Altieri
_____
GERARDO A. CARLO-ALTIERI
Chief, U.S. Bankruptcy Judge

13